[No. 11489-5-II.   Division Two.   June 27, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. KIMBERLY WRIGHT, *Petitioner.*

*Michael E. Klemetsrud* and *Crawford, McGilliard, Peterson & Yelish,* for petitioner.

*C. Danny Clem, Prosecuting Attorney,* for respondent.

ALEXANDER, C.J.—Kimberly Wright appeals an order of the Kitsap County Superior Court affirming a District Court's imposition of a 10-day jail sentence as a condition of a deferred prosecution. We reverse.

Wright was charged in the South Kitsap County District Court with the offense of driving a motor vehicle while under the influence of intoxicating liquor. Wright thereafter petitioned the District Court for an order deferring prosecution. In order to be considered for deferred prosecution, it was necessary for Wright to stipulate to the admissibility of facts contained in the police reports and to acknowledge that the reports could be entered into evidence and be used to support a finding of guilt if the court subsequently found cause to revoke the order granting deferred prosecution.

The District Court granted Wright's petition, finding that Wright suffered from alcohol problems and was in need of treatment for the problem. As conditions of the deferred prosecution, the District Court Judge ordered Wright to receive alcohol treatment and to serve a 10-day jail term.

Wright appealed the District Court's order to the Kitsap County Superior Court, insofar as it imposed the jail term. The Superior Court affirmed the District Court. We granted discretionary review and stayed Wright's jail term.

Only one issue is presented: Did the District Court err in imposing a 10-day jail term as a condition of deferred prosecution? We answer that question in the affirmative.

■■ Deferred prosecution is provided for in RCW 10.05. Because deferred prosecution is a creature of statute,

the District Court's authority with regard to the imposition of conditions of deferred prosecution must be measured by statutory law. *See State v. Stanley,* 47 Wn. App. 715, 717, 737 P.2d 296 (1987). We find no direct authority in RCW 10.05 for the imposition of jail time as a condition of deferred prosecution.

Furthermore, we find nothing to suggest that the Legislature intended that jail time be imposed in deferred prosecution cases. It is well established that a statute is to be interpreted so as to carry out the intent of the Legislature, while avoiding absurd or pointless consequences. *State v. Stannard,* 109 Wn.2d 29, 36, 742 P.2d 1244 (1987).[1] The Legislature's intent must be derived primarily from the language of the statute itself. *Department of Transp. v. State Employees' Ins. Bd.,* 97 Wn.2d 454, 458, 645 P.2d 1076 (1982).

Here, the Legislature has expressly provided in RCW 10.05.010 that deferred prosecution is an *alternative* to punishment for persons who will benefit from a treatment program. RCW 10.05.010, Laws of 1985, ch. 352, § 3.[2] The State concedes, and we agree, that the jail sentence imposed here was purely a punitive measure. We fail to see how the imposition of punishment, as a condition of deferred prosecution, can be reconciled with the express statement of the Legislature that deferred prosecution is an alternative to punishment.

---

[1] In this regard, we note that the construction urged by the State may have constitutional ramifications. Deferred prosecution occurs, as its name implies, prior to any adjudication of guilt or innocence. An individual may not be "punished" prior to an adjudication of guilt in accordance with due process of law. *See Bell v. Wolfish,* 441 U.S. 520, 60 L. Ed. 2d 447, 99 S. Ct. 1861 (1979). In light of our resolution of the issue, we make no comment as to whether conditions of deferred prosecution may, as a matter of constitutional law, amount to punishment without due process of law.

[2] Although the above statement of legislative intent was codified as a "Legislative finding," such declaration of the statute's public purpose is accepted as a verity, unless it is arbitrary or unreasonable. *See Public Empl. Relations Comm'n v. Kennewick,* 99 Wn.2d 832, 836, 664 P.2d 1240 (1983).

■ Even if the Legislature's intent was not clear from a reading of the statute and we, therefore, found it necessary to resort to rules of statutory construction in order to glean legislative intent, we would not construe the statute as permitting the imposition of jail time as a condition of deferred prosecution.[3] We reach this conclusion for two reasons. First, the statute expressly sets forth the requirements for the deferred prosecution alcoholism program, which are treatment–oriented and do not include punishment. *See* RCW 10.05.150.[4] Although the statute provides that such requirements are not limited to those specified, the rule of statutory construction, "ejusdem generis" requires that:

---

[3]Only where the Legislature's intent is not clear from the language of the statute may the court resort to statutory construction. *Department of Transp. v. State Employees' Ins. Bd.*, 97 Wn.2d at 458.

[4]RCW 10.05.150 provides:

"**Alcoholism program requirements.** A deferred prosecution program for alcoholism shall be for a two–year period and shall include, but not be limited to, the following requirements:

"(1) Total abstinence from alcohol and all other nonprescribed mind–altering drugs;

"(2) Participation in an intensive inpatient or intensive outpatient program in a state–approved alcoholism treatment facility;

"(3) Participation in a minimum of two meetings per week of an alcoholism self–help recovery support group, as determined by the assessing agency, for the duration of the treatment program;

"(4) Participation in an alcoholism self–help recovery support group, as determined by the assessing agency, from the date of court approval of the plan to entry into intensive treatment;

"(5) Not less than weekly approved outpatient counseling, group or individual, for a minimum of six months following the intensive phase of treatment;

"(6) Not less than monthly outpatient contact, group or individual, for the remainder of the two–year deferred prosecution period;

"(7) The decision to include the use of prescribed drugs, including disulfiram, as a condition of treatment shall be reserved to the treating facility and the petitioner's physician;

"(8) All treatment within the purview of this section shall occur within or be approved by a state–approved alcoholism treatment facility as described in chapter 70.96A RCW;

"(9) Signature of the petitioner agreeing to the terms and conditions of the treatment program."

general terms appearing in a statute in connection with specific terms are to be given meaning and effect only to the extent that the general terms suggest items *similar* to those designated by the specific terms.

(Italics ours.) *Kringel v. Department of Social & Health Servs.*, 45 Wn. App. 462, 465, 726 P.2d 58 (1986). Clearly, imposition of jail time is not similar to the specified treatment requirements, and therefore, it cannot be said to be suggested by the general language.

In addition, the act expressly describes what additional conditions "shall" or "may" be imposed in granting deferred prosecution. *See* RCW 10.05.140, 170.[5] The imposition of jail time, as we have already noted, is not listed among the conditions. Pursuant to another well–known rule of statutory construction, "expressio unius est exclusio alterius," the Legislature's express inclusion of certain conditions excludes the implication of others. *See State v. Sommerville,* 111 Wn.2d 524, 535, 760 P.2d 932 (1988).

The trial court's order deferring prosecution is reversed only insofar as it imposes jail time as a condition of the deferred prosecution. It is affirmed in all other respects.

REED and WORSWICK, JJ., concur.

---

[5]RCW 10.05.140 provides:

"**Conditions of granting deferred prosecution.** As a condition of granting a deferred prosecution petition, the court shall order that the petitioner shall not operate a motor vehicle upon the public highways without a valid operator's license and proof of liability insurance. The amount of liability insurance shall be established by the court at not less than that established by RCW 46.29.490. As a condition of granting a deferred prosecution petition, the court may order the petitioner to make restitution. The court may terminate the deferred prosecution program upon violation of this section."

RCW 10.05.170 provides in pertinent part:

"**Supervision as condition of deferred prosecution.** As a condition of granting deferred prosecution, the court may order supervision of the petitioner during the period of deferral. . . ."