[No. 21895–6–I.   Division One.   August 7, 1989.]

THE STATE OF WASHINGTON, *Respondent*, v. RANDALL SHATTUCK, *Petitioner*.

*Ann Ryan* of *Associated Counsel for the Accused,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Jeffrey Smith* and *Donald J. Raz, Deputies,* for respondent.

COLEMAN, C.J.—Randall Shattuck seeks discretionary review of the Superior Court's decision affirming a judgment and sentence for driving while intoxicated entered in Bellevue District Court. Shattuck complains that the trial court erred in finding that he had waived the right to raise any factual issues in defense of his prosecution on stipulated evidence. We affirm.

Shattuck was arrested and charged with driving while intoxicated on October 27, 1984. Shattuck petitioned for a deferred prosecution pursuant to RCW 10.05, under which a defendant can receive treatment for a substance abuse problem in lieu of prosecution. Shattuck agreed that, should his deferred prosecution be revoked, the police report of his arrest would be admissible in his trial:

> In the event that the court revokes the defendant's deferred status, the defendant shall have his guilty [*sic*] or innocence determined by the court upon the basis of the police report herein; the contents of which defendant by signature, hereby stipulates to.

Shattuck's deferred prosecution was revoked in September 1986. At the guilt or innocence hearing held on October 21, 1986, Shattuck argued that the evidence in the police

report was insufficient to support conviction, that he had been denied access to counsel after his arrest, and that he was denied the opportunity to secure a blood test. The court ruled that the police report contained sufficient evidence to support Shattuck's guilt and that petitioner, by stipulating to deferred prosecution, had waived the right to raise new defenses. The court also found that the denial of counsel was of constitutional magnitude and could be raised. The court held a fact–finding hearing on November 3, 1986, and concluded that Shattuck's constitutional right to counsel had not been abrogated. Shattuck appealed his conviction to the superior court, which affirmed his conviction, holding that Shattuck had waived all defenses to the deferred prosecution, including the claim of denial of access to counsel. This court granted Shattuck's motion for discretionary review.

We first address whether petitioner waived his right to raise defenses to his prosecution for driving while intoxicated by stipulating to a deferred prosecution.

Petitioner argues that the stipulation he signed in order to receive a deferred prosecution pertains only to the admissibility of the arresting officer's police report. The State argues that the stipulation waives any subsequent procedural or legal defenses a defendant may try to assert once the deferred prosecution is revoked and a hearing on guilt is held. We agree with the State.

Under the plain language of the stipulation he signed, petitioner agreed to have his "guilt determined by the court on the basis of the police report herein." This was a knowing and intelligent waiver of all subsequent factual, legal, or procedural issues the petitioner might raise. *See State v. Bennett*, 42 Wn. App. 125, 128–29, 708 P.2d 1232 (1985), *review denied*, 105 Wn.2d 1004 (1986).

Moreover, under RCW 10.05, the deferred prosecution statute, in return for receiving deferred prosecutions, defendants waive the right to raise defenses should the deferral be revoked. Petitioner argues that stipulated trials

are not stipulations to guilt and that defendants are entitled to certain procedural safeguards in stipulated trials. In *State v. Johnson,* 104 Wn.2d 338, 705 P.2d 773 (1985) and *State v. Wood,* 45 Wn. App. 299, 725 P.2d 435, *review denied,* 107 Wn.2d 1017 (1986), criminal defendants agreed to trials on stipulated facts. In both cases, the defendants did not stipulate to guilt, which was to be determined by the finder of fact, but only stipulated that, if called, the State's witnesses would testify in conformity with the police reports. *Johnson,* at 342; *Wood,* at 311. Neither of the stipulations in those cases was pursuant to specific statutory authorization or involved deferred prosecution. *Johnson,* at 342–43; *Wood,* at 311.

The stipulation in the instant case was different from those in *Johnson* and *Wood,* having been executed as a requirement of the deferred prosecution statute, which provides:

> Before entry of an order deferring prosecution, a petitioner shall be advised of his rights as an accused and execute, as a condition of receiving treatment, a statement that contains: (a) An acknowledgement of his rights; (b) a stipulation to the admissibility of the facts contained in the written police report; and (c) an acknowledgement that the statement will be entered and used to support a finding of guilty if the court finds cause to revoke the order granting deferred prosecution. . . .

RCW 10.05.020(2)(b). RCW 10.05.020(2)(b) leaves open the possibility that a defendant might bring in other evidence at a trial after the deferred prosecution order is revoked. RCW 10.05.020(2)(c), however, precludes other evidence at later proceedings. That subsection provides that the police report stipulated to will be "used to support a finding of guilty if the court finds cause to revoke the order granting deferred prosecution." RCW 10.05.020(2)(c). We construe that language to mean that the finder of fact is to assess the defendant's guilt solely on the basis of the stipulated police report and find the defendant guilty if the evidence therein supports conviction.

A deferred prosecution is not available to a defendant "who sincerely believes that he is innocent of the charges

. . ." RCW 10.05.020(2). One apparent intent behind this prohibition is to avoid litigating guilt later after memories have faded and witnesses have become unavailable. Indeed, the Legislature expressed such an intent when amending the deferred prosecution statute to add the stipulation requirement at issue here:

> The legislature finds that some persons have sought deferred prosecution but have been unable or unwilling to cooperate with treatment requirements and escaped punishment because of the difficulties in resuming prosecution after significant delay due to the absence of witnesses at a later date and the congestion in courts at a later date. . . .

Laws of 1985, ch. 352, § 3, p. 1219. Generally the deleterious effects of a delayed prosecution will more seriously affect the State, which carries the burden of proof, than the defense.

Finally, the overall design of the statute is to provide a streamlined procedure by which those with substance abuse problems will be encouraged to seek treatment and rehabilitation in lieu of criminal prosecution. The incentive that encourages successful completion of treatment is the possibility that failure will mean the deferred prosecution order will be revoked and the person will be convicted. The availability of this procedure is limited to only those who have no reason to argue their innocence. RCW 10.05.020(2).

Accordingly, the proper construction of RCW 10.05.020 is that it was intended to provide for a stipulated trial at which the only admissible evidence would be the facts contained in the arresting officer's police report. *See State v. Postema,* 46 Wn. App. 512, 515, 731 P.2d 13 (statutes are to be construed as a whole and their individual sections harmonized), *review denied,* 108 Wn.2d 1014 (1987). Under this construction, the *Johnson* and *Wood* cases have no application because they involve a different type of stipulation. Moreover, petitioner was properly convicted for driving while intoxicated because the police report overwhelmingly supported his conviction.

We next address whether petitioner was unconstitutionally denied access to counsel.

We need not address whether, during his trial on the stipulated police report, petitioner was entitled to raise the issue that he was denied access to counsel at the time of his arrest. Even if we assume, arguendo, that petitioner may raise the issue in this appeal, the trial court correctly found that petitioner was not denied access to counsel.

■ At the time of his arrest, petitioner demanded to contact his family attorney, whom he requested by name. The police attempted to call that attorney, and when petitioner was transported to King County Jail, he was given access to a telephone and permitted to attempt to contact an attorney. The only attorney he tried to reach was his family's attorney. None of these attempts succeeded. Although petitioner was advised of his right to have a public defender, he never requested one. While the police did not take the initiative to suggest to petitioner the names of other attorneys or to tell him, when he was unable to reach his desired attorney, that the public defender was available at all hours, petitioner has identified no authority obliging them to do so, and we know of no such authority. The only request petitioner ever made was to speak with his family's attorney. The police made reasonable attempts to let him do so. Under these circumstances, petitioner was not unconstitutionally deprived of his right to counsel. *See State v. Fitzsimmons,* 93 Wn.2d 436, 448, 610 P.2d 893, 18 A.L.R.4th 690 (1980) (affirmed after remand from the United States Supreme Court at 94 Wn.2d 858, 620 P.2d 999 (1980)); CrRLJ 3.1(c)(2).

The judgment of the trial court is affirmed.

GROSSE and PEKELIS, JJ., concur.