[No. 11912–9–II. Division Two. January 22, 1990.]

JOHN W. LADENBURG, *Respondent,* v. THOMAS A. CAMPBELL, *Appellant.*

*Kurt J. Salmon* and *Mandel & Salmon,* for appellant.

*John W. Ladenburg, Prosecuting Attorney,* and *Thomas R. Stenger, Deputy,* for respondent.

PETRICH, J.—Thomas Campbell appeals from the Superior Court's decision in a quo warranto proceeding setting aside his appointment as a special prosecuting attorney by the Pierce County District Court. We affirm.

On October 2, 1986, Leslie Nelson was charged in the Pierce County District Court with the gross misdemeanor of fishing in closed waters with a gill net. The deputy prosecuting attorney and Nelson's assigned counsel sought to dismiss the case and refer the matter to the Puyallup Tribal Court. The Judge of the District Court instead continued the case to allow time to determine the appropriateness of the tribal court's jurisdiction.

In January 1987, the deputy prosecuting attorney again sought dismissal of the charge in district court because the matter had since been tried in the tribal court. The motion to dismiss was denied, and the matter was continued for briefing the question of the authority for dismissal. In February 1987, the deputy prosecuting attorney moved for dismissal on the basis of RCW 9.94A.440(1), which provides suggested guidelines for prosecuting attorneys in considering whether or not a case should be prosecuted. The motion was denied, and the matter was continued to obtain the presence of the deputy prosecuting attorney's superior to discuss the appointment of a special prosecutor.

In March 1987, the deputy prosecuting attorney informed the court that the State would not be prosecuting the charge against Nelson, whereupon the District Court

Judge appointed Thomas Campbell as a special prosecuting attorney.

The Pierce County Prosecuting Attorney, John Ladenburg, subsequently filed an information in quo warranto under RCW 7.56.010 in Pierce County Superior Court. His request for vacation of the district court order appointing Thomas Campbell as a special prosecuting attorney was granted.

 The trial court resolved this case on the basis that the Pierce County Prosecuting Attorney did not suffer a disability under RCW 36.27.030, which provides for the appointment of a qualified person to discharge the duties of the prosecuting attorney under certain circumstances. This court can affirm on any basis established by the pleadings and supported by the evidence, even if the trial court did not consider it. *LaMon v. Butler,* 112 Wn.2d 193, 200–01, 770 P.2d 1027 (1989); *Wendle v. Farrow,* 102 Wn.2d 380, 382, 686 P.2d 480 (1984). We affirm the Superior Court on the basis that the District Court lacked authority to appoint a prosecuting attorney. Therefore, we do not reach the issue of whether or not the prosecuting attorney in this case suffered a disability.

RCW 36.27.030 provides in part as follows:

> When from illness or other cause the prosecuting attorney is temporarily unable to perform his duties, the court or judge may appoint some qualified person to discharge the duties of such officer in court until the disability is removed.
>
> When any prosecuting attorney fails, from sickness or other cause, to attend a session of the superior court of his county, or is unable to perform his duties at such session, the court or judge may appoint some qualified person to discharge the duties of such session . . ..

 Campbell acknowledges that this statute does not expressly confer authority upon district courts to appoint a prosecuting attorney. However, he argues that district courts have the inherent authority to make such an appointment. This argument is contrary to *Hoppe v. King Cy.,* 95 Wn.2d 332, 339, 622 P.2d 845 (1980), which held

that "[t]he power of the court to appoint a special prosecuting attorney is limited to cases where such an appointment is provided by statute."

■ Neither does RCW 2.28.150 nor RCW 3.66.010, also relied on by Campbell, make RCW 36.27.030 applicable to district courts. RCW 2.28.150 provides that where jurisdiction is conferred upon a court,

> all the means to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of proceeding is not specifically pointed out by statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the laws.

This statute is strictly procedural in nature and does not confer upon district courts the substantive authority to appoint a prosecuting attorney.

■ RCW 3.66.010, which delineates the general powers of district courts, is similarly restricted. This statute merely allows district courts to hear, try, and determine all actions enumerated in RCW 3.30 through 3.74 or otherwise assigned by law. For that purpose, that is, to hear, try, and determine cases, district courts shall be vested with the necessary powers which are possessed by courts of record in this state. This granted authority does not extend to the appointment of a prosecuting attorney.

Campbell's other arguments for conferring authority to appoint a prosecuting attorney upon district courts are unpersuasive.

The order of the Superior Court is affirmed.

ALEXANDER, C.J., and REED, J., concur.