[Nos. 12995-1-III; 12996-9-III; 12997-7-II. Division Three. May 9, 1995.]

ADELEMO G. ABAD, ET AL, *Petitioners*, v. SALVATORE COZZA, ET AL, *Respondents*.

---

*Edward J. Ames* and *Joseph C. Miller* of *Spokane Public Defender's Office,* for petitioners.

*James R. Sweetser, Prosecuting Attorney,* and *Larry D. Steinmetz, Deputy,* for respondents.

MUNSON, J. — Petitioners in these consolidated cases seek a determination that they may not be required to waive their rights to jury trial and presentation of evidence as a condition of participation in a deferred prosecution program. We agree and reverse.

Courts of limited jurisdiction are authorized to defer prosecution of misdemeanor defendants who acknowledge their wrongful conduct is caused by alcoholism, drug addiction, or mental problems and agree to undergo appropriate treatment. RCW 10.05.010-.030. As a condition of participation in the program, the Spokane County District Court requires defendants to sign a form which includes the following:

> 7. Further agrees that if the Court revokes the order granting this Deferred Prosecution, I hereby stipulate and agree to the admissibility of the facts contained in the written police report, alcohol influence report forms, and any attachment thereto, and their admissibility in evidence to be used to support a finding of guilty. I understand that by this process, I am giving up the Constitutional right to a jury trial, the right to hear and question witnesses, the right to call witnesses in my own behalf, and the right to testify or not to testify.
>
> 8. I understand that under the Constitution of the State of Washington, I am entitled to a trial by jury of my peers who would determine my guilt or innocence. I understand before signing this Acceptance of Deferred Prosecution and Stipulation of Facts and waiver that I have the right to be represented by an attorney, and that if I cannot afford an attorney, one will be appointed for me without cost or expense. I do hereby voluntarily and with knowledge of the above rights waive my

right to a jury trial and consent to the trial of this case by the Court pursuant to paragraph seven (7) above.

Each Petitioner refused to sign this form, and consequently was denied the opportunity to participate in the deferred prosecution program. The Petitioners sought review in the Superior Court. That court affirmed the District Court and remanded the cases for trial. This court granted discretionary review.

■ The Petitioners contend the District Court exceeded its authority by imposing the waiver of trial rights as a condition of participation. "Because deferred prosecution is a creature of statute, the District Court's authority with regard to the imposition of conditions of deferred prosecution must be measured by statutory law." *State v. Wright*, 54 Wn. App. 638, 639-40, 774 P.2d 1265 (1989).

Defendants wishing to have their prosecution deferred under RCW 10.05 must (a) acknowledge their rights, (b) stipulate to the admissibility of facts contained in the written police report, and (c) acknowledge that the statements, including that stipulation, may be used to support a finding of guilty if the order granting deferred prosecution is subsequently revoked for cause.[1]

The deferred prosecution statutes do not require a defendant to stipulate that the facts in the written report are complete or true; the statute refers to the "admissibility of the

---

[1]RCW 10.05.020 provides in part:

"(2) Before entry of an order deferring prosecution, a petitioner shall be advised of his rights as an accused and execute, as a condition of receiving treatment, a statement that contains: (a) An acknowledgement of his rights; (b) a stipulation to the admissibility of the facts contained in the written police report; and (c) an acknowledgement that the statement will be entered and used to support a finding of guilty if the court finds cause to revoke the order granting deferred prosecution. . . .

"(3) Before entering an order deferring prosecution, the court shall make specific findings that: (a) The petitioner has stipulated to the admissibility of the facts as contained in the written police report; (b) the petitioner has acknowledged the admissibility of the stipulated facts in any criminal hearing or trial on the underlying offense or offenses held subsequent to revocation of the order granting deferred prosecution; and (c) the petitioner's statements were made knowingly and voluntarily. Such findings shall be included in the order granting deferred prosecution."

facts contained in the written police report". RCW 10.05.020(2)(b). While the facts may be "used to support a finding of guilty", the statute does not provide that those facts will dictate a finding of guilty, or that they will be the sole facts to be considered by the factfinder.

*State v. Shattuck*, 55 Wn. App. 131, 134, 776 P.2d 1001 (1989) construed the statute as requiring a defendant to "waive the right to raise defenses" and held if deferred prosecution is revoked, the court must "assess the defendant's guilt solely on the basis of the stipulated police report and find the defendant guilty if the evidence therein supports conviction."

■ *Shattuck*, at 135, supports its reasoning by referring to the Legislature's finding some defendants who fail to complete treatment nevertheless "escaped punishment because of the difficulties in resuming prosecution . . .." (quoting Laws of 1985, ch. 352, § 3, p. 1219). The difficulties of delayed prosecution are addressed by the statutory provision that the written police report will be admissible; this is an evidentiary rule. No statutory language indicates the Legislature intended to provide additional assurances of successful prosecution by requiring a defendant to waive his constitutional right to a jury trial; to confrontation of witnesses other than those included in the police report; to have compulsory powers to compel attendance of witnesses on his behalf; to testify or not; and the right to appeal. Const. art. 1, § 22 (amend. 10). RCW 10.05.020(2) merely sets forth an evidentiary rule admitting by stipulation a police report.

In a stipulated trial when the judge or jury determines the defendant's guilt, the State still bears the burden of proof beyond a reasonable doubt the defendant is not precluded from offering evidence or cross-examining witnesses, but just stipulates to the evidence presented by the State. *State v. Johnson*, 104 Wn.2d 338, 342, 705 P.2d 773 (1985). There is no statutory basis for concluding the Legislature intended to deprive a defendant of these constitutional protections as a condition of deferred prosecution.

Having determined no evidence other than the written police report would be admissible at trial, the Superior

Court also found the statutes authorized requiring the Petitioners to waive the right to a jury trial. The court reasoned the only questions remaining, such as probable cause for arrest and sufficiency of the evidence to support conviction, would be issues of law properly resolved by the court. Nothing in the statute ensures that the written police report will contain sufficient evidence on these matters or that the State would be precluded from presenting additional evidence which would also create a possibility for triable issues of fact. We hold the Petitioners cannot be required to waive their constitutional rights. The District Court is limited to the language of RCW 10.05.020(2).

Reversed.

THOMPSON, C.J., and SWEENEY, J., concur.

Review granted at 127 Wn.2d 1009 (1995).