911 P.2d 376 (1996)
128 Wash.2d 575
Adelemo G. ABAD; et al., Respondents,
v.
The Honorable Salvatore COZZA; et al., Petitioners.
No. 62987-1.
Supreme Court of Washington, En Banc.
February 15, 1996.
*377 Katherine S. Knox, Cheney, Amicus Curiae, for Spokane Public Defender.
Jim Sweetser, Spokane County Prosecutor, Larry D. Steinmetz, Deputy, Spokane, for Petitioners.
Spokane County Public Defender, Joseph Miller, Edward Ames, Spokane, for Respondents.
TALMADGE, Justice.
The Spokane County District Court adopted a local rule and a form requiring persons seeking a deferred prosecution to waive, upon any subsequent revocation of the deferred prosecution, the rights to a jury, to call and question witnesses, and to testify in the postrevocation trial. The court of appeals held that the local rule and form were beyond the authority of the district court under the pertinent portion of the deferred prosecution statute, RCW 10.05.020. We hold that the local rule and form were consistent with the statutory requirements of RCW 10.05.020 and reverse the court of appeals.

ISSUES
1. To what extent does RCW 10.05.020 condition the grant of deferred prosecution upon waiver of rights by the petitioner in the event the deferred prosecution order is revoked?
2. Are the Spokane County District Court local rule and form consistent with RCW 10.05.020?

FACTS
In 1991, respondents Adelemo G. Abad and eight others (Abad) were separately charged under RCW 46.61.502 with driving under the influence (DUI). They respectively petitioned the Spokane County District Court for orders allowing them to participate in deferred prosecution pursuant to RCW 10.05. The district court required deferred prosecution petitioners to sign a form adopted pursuant *378 to Spokane LCrRLJ 3.3(k)(1) (Local Form 1591, rev. 6/91) stating:
7. [Petitioner] [f]urther agrees that if the Court revokes the order granting this Deferred Prosecution, I hereby stipulate and agree to the admissibility of the facts contained in the written police report, alcohol influence report forms, and any attachment thereto, and their admissibility in evidence to be used to support a finding of guilty. I understand that by this process, I am giving up the Constitutional right to a jury trial, the right to hear and question witnesses, the right to call witnesses, the right to call witnesses in my own behalf, and the right to testify or not to testify.
8. I understand that under the Constitution of the State of Washington, I am entitled to a trial by jury of my peers who would determine my guilt or innocence. I understand before signing this Acceptance of Deferred Prosecution and Stipulation of Facts and waiver that I have the right to be represented by an attorney, and that if I cannot afford an attorney, one will be appointed for me without cost or expense. I do hereby voluntarily and with knowledge of the above rights waive my right to a jury trial and consent to the trial of this case by the Court pursuant to paragraph seven (7) above.
Clerk's Papers at 15. Abad and the other defendants refused to sign the form, and the district court denied their petitions for deferred prosecution.
On applications for writ of certiorari, the Spokane County Superior Court affirmed the district court, holding that the deferred prosecution statute requires the petitioner to waive rights to a jury trial, to testify, to call and question witnesses, or to raise new defenses in a postrevocation trial. The Court of Appeals, Division Three, granted discretionary review, and reversed, holding that the statute requires a waiver only of the right to object to the admission into evidence of the police report. Abad v. Cozza, 77 Wash.App. 762, 893 P.2d 695 (1995). The State sought review, arguing that Abad conflicted with Division One's decision in State v. Shattuck, 55 Wash.App. 131, 776 P.2d 1001 (1989). We granted review.

DISCUSSION
A. PROCEDURE FOLLOWING REVOCATION OF A DEFERRED PROSECUTION
The Legislature designed deferred prosecution to encourage treatment, by giving culpable persons whose wrongful conduct is caused by a treatable condition the opportunity to avoid conviction if they successfully complete approved treatment. In State ex rel. Schillberg v. Cascade Dist. Court, 94 Wash.2d 772, 779, 621 P.2d 115 (1980), we stated that deferred prosecution is a form of sentencing, noting the "mere label `deferred prosecution' obscures the characteristics of the process" in RCW 10.05, "which is fundamentally a new sentencing alternative of preconviction probation, to be added to the traditional choices of imprisonment, fine, and postconviction probation." In State v. Marino, 100 Wash.2d 719, 674 P.2d 171 (1984), we re-affirmed that "the Legislature intended deferred prosecution programs [under RCW 10.05] to be sentencing alternatives to the traditional criminal justice system." Id. at 722, 674 P.2d 171. A deferred prosecution is not tantamount to a guilty plea. State v. Higley, 78 Wash.App. 172, 187, 902 P.2d 659, review denied, 128 Wash.2d 1003, 907 P.2d 296 (1995).
The granting of a deferred prosecution is governed by statute. "Because deferred prosecution is a creature of statute, the District Court's authority with regard to the imposition of conditions of deferred prosecution must be measured by statutory law." State v. Wright, 54 Wash.App. 638, 639-40, 774 P.2d 1265 (1989).
In order to qualify for a deferred prosecution, the petitioner must initially comply with RCW 10.05.020 which states:
(1) The petitioner shall allege under oath in the petition that the wrongful conduct charged is the result of or caused by alcoholism, drug addiction, or mental problems for which the person is in need of treatment and unless treated the probability of future reoccurrence is great, along with a statement that the person agrees to pay the cost of a diagnosis and treatment *379 of the alleged problem or problems if financially able to do so. The petition shall also contain a case history and written assessment prepared by an approved alcoholism treatment facility as designated in chapter 70.96A RCW if the petition alleges alcoholism, an approved drug program as designated in chapter 71.24 RCW if the petition alleges drug addiction, or by an approved mental health center if the petition alleges a mental problem.
(2) Before entry of an order deferring prosecution, a petitioner shall be advised of his rights as an accused and execute, as condition of receiving treatment, a statement that contains: (a) An acknowledgment of his rights; (b) a stipulation to the admissibility of the facts contained in the written police report; and (c) an acknowledgment that the statement will be entered and used to support a finding of guilty if the court finds cause to revoke the order granting deferred prosecution.... He shall also be advised that the court will not accept a petition for deferred prosecution from a person who sincerely believes that he is innocent of the charges or sincerely believes that he does not, in fact, suffer from alcoholism, drug addiction, or mental problems.
(3) Before entering an order deferring prosecution, the court shall make specific findings that: (a) The petitioner has stipulated to the admissibility of the facts as contained in the written police report; (b) the petitioner has acknowledged the admissibility of the stipulated facts in any criminal hearing or trial on the underlying offense or offenses held subsequent to revocation of the order granting deferred prosecution; and (c) the petitioner's statements were made knowingly and voluntarily. Such findings shall be included in the order granting deferred prosecution.
(Emphasis added.)
If the treatment plan is approved by the court and accepted by the petitioner, the case is removed from the regular criminal court docket. RCW 10.05.060. If treatment is not approved or accepted, the accused is arraigned on the charge, RCW 10.05.070, and any evidence resulting from the investigation of the person for deferred prosecution or a petition, if the petition is unsuccessful, is inadmissable at trial. RCW 10.05.080. Upon completion of the two-year treatment plan, the court dismisses the charges. RCW 10.05.120. Thus, the successful completion of the treatment program by a person who acknowledges culpability pursuant to RCW 10.05.020 and is in need of treatment results in the complete avoidance of the usual process and consequences of the criminal system.
In the event a person fails to complete the treatment program or is convicted of a similar offense, RCW 10.05.090 and .100 require revocation of the order granting deferred prosecution. State v. Kuhn, 74 Wash.App. 787, 791, 875 P.2d 1225 (1994), review denied, 127 Wash.2d 1017, 904 P.2d 299 (1995) (revocation of deferred prosecution upon a judgment of guilty of a similar offense is mandatory). Those statutes also address the procedure to follow upon revocation. If the petitioner fails or neglects to complete the treatment plan, RCW 10.05.090 requires a hearing before the court may revoke the deferred prosecution:
At the hearing, evidence shall be taken of the petitioner's alleged failure to comply with the treatment plan and the petitioner shall have the right to present evidence on his or her own behalf. The court shall either order that the petitioner continue on the treatment plan or be removed from deferred prosecution. If removed from deferred prosecution, the court shall enter judgment pursuant to RCW 10.05.020.
Thus, a full evidentiary hearing is contemplated on the allegation of failure to complete the treatment program. By contrast, RCW 10.05.100 provides that:
If a petitioner is subsequently convicted of a similar offense while in a deferred prosecution program, upon notice the court shall remove the petitioner's docket from the deferred prosecution file and the court shall enter judgment pursuant to RCW 10.05.020.
Both statutes state that upon revocation "the court shall enter judgment pursuant to RCW 10.05.020."
*380 RCW 10.05.020 provides for a trial on the underlying charges following revocation. The only evidence contemplated in RCW 10.05.020 for the postrevocation trial is the police report and the petitioner's statement admitting the wrongful conduct charged. RCW 10.05.020(1) requires the petitioner to "allege under oath in the petition that the wrongful conduct charged is the result of or caused by alcoholism, drug addiction, or mental problems." RCW 10.05.020(2) requires the petitioner to stipulate "to the admissibility of the facts contained in the written police report"; and to acknowledge his or her "statement will be entered and used to support a finding of guilty if the court finds cause to revoke the order granting deferred prosecution." (Emphasis added.) RCW 10.05.020(3) requires the court to make specific findings that the petitioner stipulated to the admissibility of the police report; has acknowledged "the admissibility of the stipulated facts in any criminal hearing or trial on the underlying offense" following revocation; and has made his or her statement "knowingly and voluntarily." These provisions certainly do not contemplate an opportunity to present additional evidence. Compare RCW 10.05.090 ("the petitioner shall have the right to present evidence on his or her own behalf" at the revocation hearing).
A person charged with DUI must be informed of the deferred prosecution program availability, operation and effects. RCW 10.05.015. A petitioner for deferred prosecution must be advised of his or her rights as an accused; the petitioner must acknowledge those rights in writing. RCW 10.05.020(2). The court must specifically find the petitioner's statement of wrongful conduct and acknowledgment of such rights is made knowingly and voluntarily. RCW 10.05.020(3). Indeed, the provision in RCW 10.05.020(2) that the court will not accept a petition from one who is innocent or not in need of treatment indicates that there would be little purpose in allowing a defendant to present evidence contradicting his or her prior sworn statement in a postrevocation trial.[1] These provisions make little sense if the only right being waived is the right to object to the admissibility of the police report. The requirements of RCW 10.05.020 are consistent with the waiver of the right to a jury trial because such waiver must not be implied, but rather must be affirmative, voluntary, knowing, intelligent and on the record. City of Bellevue v. Acrey, 103 Wash.2d 203, 207-08, 691 P.2d 957 (1984).
The legislative history of the 1985 amendments to RCW 10.05 confirm this interpretation. The 1985 Legislature intended that its amendments to RCW 10.05 ensure persons who fail to complete deferred prosecution do not escape punishment:
The legislature finds that the deferred prosecution program is an alternative to punishment for persons who will benefit from a treatment program if the treatment program is provided under circumstances that do not unreasonably endanger public safety or the traditional goals of the criminal justice system. This alternative to punishment is dependent for success upon appropriate treatment and the willingness and ability of the person receiving treatment to cooperate fully with the treatment program. The legislature finds that some persons have sought deferred prosecution but have been unable or unwilling to cooperate with treatment requirements and escaped punishment because of the difficulties in resuming prosecution after significant delay due to the absence of witnesses at a later date and the congestion in courts at a later date. The legislature *381 further finds that the deferred prosecution statutes require clarification. The purpose of sections 4 through 19 of this act is to provide specific standards and procedures for judges and prosecutors to use in carrying out the original intent of the deferred prosecution statutes.
Laws of 1985, ch. 352, § 3.
The 1985 changes included adding the detailed language in RCW 10.05.020(2) and (3) as well as changing the provisions in RCW 10.05.090 and .100 describing what is to happen following revocation. Before 1985, RCW 10.05.090 stated that if removed from deferred prosecution, the "defendant's docket shall be returned to the regular court files and the defendant shall be arraigned on the original charge." Laws of 1975, 1st Ex.Sess., ch. 244, § 9. The 1985 Legislature substituted language stating that "[i]f removed from deferred prosecution, the court shall enter judgment pursuant to RCW 10.05.020." Laws of 1985, ch. 352, § 12, at 1223. Before 1985, RCW 10.05.100 stated that upon receipt of notice of a conviction for a similar offense, the court "shall ... remove the defendant's docket from the deferred prosecution file and require the defendant to enter a plea to the original charge." Laws of 1975, 1st Ex.Sess., ch. 244, § 10. The 1985 legislation substituted language stating "the court shall remove the petitioner's docket from the deferred prosecution file and the court shall enter judgment pursuant to RCW 10.05.020." Laws of 1985, ch. 352, § 13.
The significance of these changes is illustrated by RCW 10.05.070, which the Legislature did not change in 1985. RCW 10.05.070 states that if the petition is not granted in the first place, "the petitioner shall be arraigned on the charge." Obviously, in this situation, the intent is to have the proceedings resume the usual course, including a jury trial if one is demanded. The 1985 Legislature's decision to preserve the language in RCW 10.05.070, while changing similar language in RCW 10.05.090 and .100, would appear to indicate that in the case of a revocation, the court is to enter judgment pursuant to RCW 10.05.020 in a more abbreviated proceeding, without a jury, instead of resuming the normal course of proceedings.
Two court of appeals cases have discussed what the Legislature intended when an order of deferred prosecution is revoked. In Abad, Division Three held the deferred prosecution statute is not intended to deprive a defendant in a postrevocation trial of constitutional rights to a jury, to present evidence, or to appeal, but only operates to deprive the defendant of the right to object to admission of the police report. Abad, 77 Wash.App. at 765, 893 P.2d 695. The Abad court found that the Legislature's concerns with the difficulties of delayed prosecution "are addressed by the statutory provision that the written police report will be admissible: this is an evidentiary rule." Id. "RCW 10.05.020(2) merely sets forth an evidentiary rule admitting by stipulation a police report." Id. Without actually finding RCW 10.05.020 to be unconstitutional, the Abad court emphasized the constitutional source of the rights at issue: "We hold the Petitioners cannot be required to waive their constitutional rights." Abad, 77 Wash.App. at 766, 893 P.2d 695. See WASH. CONST. art. I, § 21 (right to trial by jury), § 22 (amend 10) (right of accused persons to attend, confront witnesses, testify and present evidence).
Neither Division Three nor Abad, however, cites authorities which state that the Legislature cannot condition deferred prosecution upon a waiver of full trial rights. Indeed, as the State contends, the statute requires the petitioner to waive the rights as "consideration for the privilege" of receiving the opportunity to avoid conviction. Pet. for Review at 8. No one is required to seek deferred prosecution in the first place, and the Legislature intended to exclude genuinely innocent people from the program. RCW 10.05.020(2).[2]
*382 In Shattuck, Division One found the price of seeking and failing to complete deferred prosecution is substantially higher than merely giving up the right to object to a police report. The court of appeals there held that in return for the opportunity to participate in deferred prosecution and avoid a conviction, the petitioner waives the rights to a trial by a jury, to raise defenses, and to present additional evidence in a postrevocation trial. Shattuck, 55 Wash.App. at 133-35, 776 P.2d 1001. After revocation, the court of appeals indicated that a trial court must determine guilt or innocence, "solely on the basis of the stipulated police report and find the defendant guilty if the evidence therein supports conviction." Shattuck, 55 Wash. App. at 134, 776 P.2d 1001. The Shattuck court found that the legislative intent was to ensure a "streamlined procedure" and "avoid litigating guilt later after memories have faded and witnesses have become unavailable." Shattuck, 55 Wash.App. at 135, 776 P.2d 1001. The court thought that the possibility that failure to complete the treatment will result in revocation and conviction was an intended incentive for encouraging successful completion. Id. at 135, 776 P.2d 1001.
We agree with the Shattuck court. We do not believe that the 1985 amendments to the deferred prosecution statute which required a petitioner's stipulation to the admissibility of the police report solved the legislative concern about persons whose deferred prosecutions were revoked improperly escaping punishment. The very extent of the 1985 changes suggests the Legislature intended to require a petitioner to give up substantial rights beyond the right to object to the admission of the police report. In effect, the 1985 changes to RCW 10.05.090 and RCW 10.05.100 in conjunction with the changes to RCW 10.05.020 evidence a legislative intent that, upon revocation of a deferred prosecution, a more streamlined process must apply.
Deferred prosecution is a special preconviction sentencing alternative that is available to petitioners who acknowledge their culpability and need for treatment. As a condition for the granting of a deferred prosecution, the petitioner must state under oath the wrongful conduct charged took place and resulted from a condition amenable to treatment. The petitioner acknowledges advisement of rights as an accused. The petitioner knowingly and voluntarily stipulates to the admissibility of the facts in the police report, and acknowledges the report and sworn statement will be admitted in any postrevocation trial or hearing and used to support a finding of guilty. Plainly, this means that the petitioner agrees to waive the right to raise other defenses, to introduce other evidence, to question or call witnesses, and to a jury. This is the import of the Legislature's strong statutory waiver language and the abbreviated structure of the postrevocation trial.
This is not to say, however, that the trial court in a postrevocation trial is foreclosed from addressing issues such as the jurisdiction of the court or the sufficiency of the evidence which may arise out of the police report, the petitioner's statement, or at trial.[3] The State's burden in such a trial remains beyond a reasonable doubt.
B. THE SPOKANE COUNTY DISTRICT COURT LOCAL RULE AND DEFERRED PROSECUTION FORM
Abad also challenges the authority of the Spokane County District Court to adopt the local rule and the form at issue in this case. The form which the Spokane County District Court required petitioners to sign was developed under the authority of Spokane LCrRLJ 3.3(k)(1), which required a petition *383 for deferred prosecution under RCW 10.05 to be filed on forms approved by the court.
The courts of limited jurisdiction have authority to adopt rules not inconsistent with the general rules set forth by the Supreme Court. GR 7 and CrRLJ 1.7. RCW 2.28.150 also confers procedural authority on courts to adopt any suitable mode of proceeding to carry out a statutory directive where none is specifically pointed out and jurisdiction is otherwise conferred upon the court. In re Cross, 99 Wash.2d 373, 379-80, 662 P.2d 828 (1983); Ladenburg v. Campbell, 56 Wash.App. 701, 784 P.2d 1306 (1990). A local criminal rule may not diminish a person's substantive constitutional or statutory rights. City of Auburn v. Brooke, 119 Wash.2d 623, 836 P.2d 212 (1992); State v. Pavelich, 153 Wash. 379, 382, 279 P. 1102 (1929); CrRLJ 1.1. Such rules must be consistent with rules adopted by the Supreme Court. GR 7(b). However, a court may rely on RCW 2.28.150 for authority to create a mode of proceeding necessary to carry out a statutory directive without violating constitutional rights. Rogoski v. Hammond, 9 Wash.App. 500, 513 P.2d 285 (1973) (use of show cause hearing to satisfy due process where prejudgment attachment statute did not provide for prior notice and a hearing).
The local rule and the deferred prosecution form here require petitioners to stipulate to the accuracy and admissibility of the police reports and to waive certain enumerated rights including the right to a jury. The local rule and the form require a petitioner to do nothing more than what we interpret RCW 10.05.020 to require, and do not diminish substantive rights, ensuring only that the waivers are voluntary, knowing and affirmative. We hold that the district court had the authority to employ its form in deferred prosecutions.[4]

CONCLUSION
The Legislature determined that deferred prosecution is a valuable preconviction sentencing alternative for people who are culpable, but require treatment. RCW 10.05.020. But as an alternative to a formal trial, sentencing, and, in many cases, incarceration, the Legislature has conditioned the grant of deferred prosecution to these persons upon a waiver of the rights to a jury and to present evidence in a postrevocation trial if the deferred prosecution order is revoked because they are unable or unwilling to carry out treatment or they commit a new crime. The Legislature may condition the privilege of deferred prosecution on such a waiver so long as the petitioner is fully advised of the consequences of his or her participation in the deferred prosecution program. The Spokane County District Court deferred prosecution form adopted pursuant to local rule is consistent with the statute.
The decision of the court of appeals is reversed and the case is remanded to the Spokane County Superior Court for reinstatement of its order.
DURHAM, C.J., DOLLIVER, SMITH, GUY and MADSEN, JJ., and PEKELIS, J. Pro Tem., concur.
SANDERS, J., not participating.
ALEXANDER, Justice (dissenting).
I respectfully dissent because I believe that the Spokane County District Court exceeded the scope of RCW 10.05.020 when, ostensibly to implement LCrRLJ 3.3(k)(1)(A),[1] it adopted a form containing language that requires defendants to waive certain rights in order to be eligible for the county's deferred prosecution program. Furthermore, I believe that when RCW 10.05.020 is viewed without the embroidery of the district court's rule and form, it does not require a defendant to waive any constitutional *384 rights as a condition of participation in a deferred prosecution program.
RCW 10.05.020(2) provides that before a court may enter an order of deferred prosecution, a petitioner must be "advised of his rights as an accused," and that he or she must
execute, as a condition of receiving [alcohol or drug abuse] treatment, a statement that contains: (a) An acknowledgment of his rights; (b) a stipulation to the admissibility of the facts contained in the written police report; and (c) an acknowledgment that the statement will be entered and used to support a finding of guilty if the court finds cause to revoke the order granting deferred prosecution.
RCW 10.05.020(2) (emphasis added).
The above language is significant in what it says as well as in what it does not say. The statute simply says that the petitioner must acknowledge his or her rights and stipulate to the admissibility of certain police reports to become eligible for deferred prosecution. It does not provide, as does Spokane District Court local form 1591, that by petitioning for deferred prosecution, a defendant waives his or her rights to a jury trial, to hear and question witnesses, to call witnesses and raise defenses, and to testify or not testify.
Although I recognize that deferred prosecution is a statutory privilege conferred by the Legislature, which may be conditioned upon a waiver of constitutional rights, any waiver of rights must pass constitutional muster. In that regard, "a court must indulge every reasonable presumption against waiver of fundamental rights," such as the right to a jury trial. City of Bellevue v. Acrey, 103 Wash.2d 203, 207, 691 P.2d 957 (1984) (citing Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942)) (emphasis added). Indeed, this court has consistently "refused to infer a waiver [of the right to a jury trial] when the record shows less than an affirmative, unequivocal waiver by [the] defendant." Acrey, 103 Wash.2d at 207, 691 P.2d 957.
In short, the aforementioned statute does not explicitly or implicitly require a petitioner to waive the right to a trial before seeking the benefit of deferred prosecution. Yet, the majority concludes that the statute "[p]lainly... means that the petitioner agrees to waive the right to raise other defenses, to introduce other evidence, to question or call witnesses, and to a jury." Majority Op. at 382. In reaching that conclusion, the majority relies, at least in part, upon the rationale developed by Division One of the Court of Appeals in State v. Shattuck, 55 Wash.App. 131, 776 P.2d 1001 (1989). In that case the Court of Appeals construed RCW 10.05.020(2)(c), which provides that the petitioner's acknowledgment of rights and stipulation to the admissibility of written police reports "will be entered and used to support a finding of guilty," to mean that a trial court assesses a defendant's guilt or innocence "solely" on the basis of the stipulated police report. Shattuck, 55 Wash.App. at 134, 776 P.2d 1001. In our judgment, this reasoning is flawed because the only way to reach that result, which the majority embraces, is by effectively adding a word or words to the statute so that it may be read to provide that only the petitioner's stipulation to the admissibility of written police reports, and nothing else, will be admitted and used to by the court to determine the defendant's guilt or innocence. Such an addition is not a permissible exercise of judicial construction. See Caritas Servs., Inc. v. Department of Social and Health Servs., 123 Wash.2d 391, 409, 869 P.2d 28 (1994) ("A court may not add words to a statute even if it believes the Legislature intended something else but failed to express it adequately."). The judicial insertion of additional language into a statute is particularly objectionable when a defendant's constitutional rights are affected. Any local court rule or form adopted to implement a rule requiring such a waiver of constitutionally protected rights, in the absence of explicit statutory authority, cannot stand. See State v. Pelkey, 109 Wash.2d 484, 490, 745 P.2d 854 (1987) (court cannot sustain an interpretation of a court rule which contravenes the constitution).
In my judgment, the Court of Appeals decision, which the majority reverses, is consistent with the Legislature's most recent amendments to RCW 10.05.020 and .030, which were intended to overcome what it *385 identified as "the difficulties in resuming prosecution after significant delay due to the absence of witnesses at a later date." Laws of 1985, ch. 352, § 3. It is my view that the Legislature established the requirement that a petitioner enter into such a stipulation as an appropriate means to address its concerns about the difficulty the State faces in resuming prosecution of a defendant following that person's failure to adhere to the statutory conditions of the deferred prosecution program. In this case, the petitioner not only concedes that RCW 10.05.020(3) requires him to stipulate to the admissibility of the police reports, he has fully complied with those requirements.
It is important to note that the statutory provision requiring a defendant to stipulate to the admissibility of police records in order to be eligible for deferred prosecution contemplated that a subsequent trial on the underlying offense will be conducted if the defendant fails to abide by the conditions of the program. It is the right to such a trial on the underlying offense that the majority essentially denies to petitioners, based solely on the language contained in a form drafted to implement a local court rule. In effect, the majority permits a local court rule to supersede the provisions of a statute.[2]
Although the majority somewhat grudgingly concedes that a petition for "deferred prosecution is not tantamount to a guilty plea," Majority Op. at 378 (citing State v. Higley, 78 Wash.App. 172, 187, 902 P.2d 659, review denied, 128 Wash.2d 1003, 907 P.2d 296 (1995)), the net result of its interpretation of RCW 10.05.020 is to treat a petition for deferred prosecution as the functional equivalent to such a plea, except for matters of jurisdiction or sufficiency of the evidence, which the majority says may be presented at trial. Under the majority's view, the state's obligation to go forward with the prosecution of its case against a defendant is not merely deferred, the obligation is effectively discharged, the defendant's guilt is presumed, and conviction necessarily follows. See State v. Friend, 59 Wash.App. 365, 367, 797 P.2d 539 (1990) ("By definition, deferred prosecution defendants have not even been prosecuted, much less convicted."); State v. Vinge, 59 Wash.App. 134, 138, 795 P.2d 1199 (1990) (contrasting deferred sentence and deferred prosecution: deferred prosecution takes place "prior to an adjudication of guilt"), review denied, 116 Wash.2d 1006, 803 P.2d 1310 (1991).
Because I believe the view adopted by the majority is inconsistent with the language of RCW 10.05.020, I would affirm the Court of Appeals.
JOHNSON, J., concurs.
NOTES
[1] The court must advise the petitioner that it "will not accept a petition for deferred prosecution from a person who sincerely believes that he is innocent of the charges or sincerely believes that he does not, in fact, suffer from alcoholism, drug addiction, or mental problems." RCW 10.05.020(2). This means the court will not grant deferred prosecution if the petitioner is innocent, or if the petitioner, being guilty, is not in need of treatment. Abad argues that under this section, deferred prosecution might be available to an innocent person who needs treatment, or to a guilty person who does not need treatment. Answer to Pet. for Review at 18. Abad is incorrect because persons who are either innocent or not in need of treatment could not allege under oath that the wrongful conduct charged took place and was caused by the problem alleged as required by RCW 10.05.020(1). Deferred prosecution is confined to persons who are culpable and in need of treatment.
[2] The Abad court and respondents also cite State v. Johnson, 104 Wash.2d 338, 342, 705 P.2d 773 (1985), a case pertaining to a stipulated facts trial, for the view that a petitioner does not need to waive the right to offer other evidence or call witnesses. Abad, 77 Wash.App. at 765, 893 P.2d 695. In Johnson, the court held that a defendant who stipulates to facts regarding the charge is not entitled to due process protections required for a guilty plea. In this instance, RCW 10.05.020 requires a more extensive waiver of rights than that contemplated by a stipulated facts trial because the petitioner has the opportunity to avoid criminal prosecution entirely by successful completion of the program and, upon the failure to do so, the Legislature wished to ensure that the petitioner, who has stipulated to facts supporting culpability, does not escape the consequences of his or her wrongful conduct.
[3] If a defendant has defenses other than on the merits of the charge, he or she presumably could raise them prior to trial and prior to the time in which deferred prosecution must be sought. A defendant may petition for deferred prosecution status up to seven days before trial, or later if the court waives the deadline. RCW 10.05.010.
[4] To ensure greater consistency of practice statewide, the District and Municipal Court Judges Association should consider recommending to this court the adoption of a form by rule. RCW 3.70.040(2).
[1] The majority opinion indicates that the district court adopted a form "pursuant to Spokane LCrRLJ 3.3.(k)(1) (Local Form 1591, rev. 6/91)." Majority Op. at 377-78. Significantly, the local court rule does not require waiver of rights. It merely provides that a petition for deferred prosecution under RCW 10.05 "shall be filed fourteen (14) days before the date set for trial on forms approved by the Court." LCrRLJ 3.3(k)(1)(A).
[2] When, as here, the issue involves a substantive right, as compared to a procedural matter, the principle that "negates" any local court rule that is in conflict with a rule adopted by the Supreme Court also operates to negate a local court rule that conflicts with a statute. Harbor Enters., Inc. v. Gudjonsson, 116 Wash.2d 283, 293, 803 P.2d 798 (1991); cf. City of Seattle v. Marshall, 54 Wash.App. 829, 833, 776 P.2d 174 (1989) (With respect to procedural matters, the test for whether court rules are in conflict is whether "[t]he two rules can be reconciled and both given effect."), review denied, 115 Wash.2d 1008, 797 P.2d 511 (1990) (quoting Heaney v. Seattle Mun. Court, 35 Wash.App. 150, 155 & 156, 665 P.2d 918 (1983), review denied, 101 Wash.2d 1004 (1984)).