129 P.3d 816 (2006)
131 Wash.App. 835
STATE of Washington, Respondent,
v.
Matthew M. MELICK, Appellant.
No. 54925-1-I.
Court of Appeals of Washington, Division 1.
March 6, 2006.
*817 Dana M Lind, Nielsen Broman & Koch PLLC, Seattle, WA, for Appellant.
Erik Pedersen, Attorney at Law, Skagit Co. Prosecuting Atty Office, Mount Vernon, WA, for Respondent.
APPELWICK, A.C.J.
¶ 1 Matthew Melick contends that his convictions for taking of a motor vehicle (TMV) and possession of stolen property (PSP) for possessing that same vehicle violate double jeopardy. The State concedes that both convictions should not stand, but urges the court to vacate the TMV conviction, as it has a lower standard range. We remand for vacation of the PSP conviction, as such a result is required by case law. We also reject Melick's challenge to the police reports, as Melick stipulated to the use of those reports when he agreed to enter drug court.

FACTS
¶ 2 In July 2003 Matthew Melick was charged with one count of second degree taking a motor vehicle without permission (TMV) and one count of first degree possession of stolen property (PSP). The information alleged that on June 25 and 26, Melick drove away Gail Lluellyn's truck and withheld the truck from Lluellyn, knowing it was stolen. The police reports established that the truck had disappeared overnight and that Melick had been stopped the next day while driving the truck.
¶ 3 Melick agreed to enter drug court and successfully complete a treatment program in exchange for dismissal of charges.[1] The agreement provided that if either Melick or the court terminated the treatment program, Melick would proceed to bench trial solely on the facts in the police and laboratory reports. Melick stipulated to the information in the police and laboratory reports and gave up his right to call witnesses and to cross-examine the State's witnesses, among other rights.
¶ 4 Melick was terminated from drug court in June 2004. At a bench trial, the court reviewed the stipulated-to documents and found Melick guilty of both the TMV and the PSP charge. The court adopted many of the statements in the police reports in making its findings. The court imposed standard-range sentences of 25 months for the TMV charge, and 50 months for the PSP charge. The sentences were to run concurrently. Melick timely appeals.

DISCUSSION

I. Double Jeopardy
¶ 5 The State concedes that Melick should not have had convictions entered on *818 both offenses, but contends that double jeopardy/merger case law requires that the lesser offense be vacated. Because in this circumstance TMV is the lesser offense, the State argues that the PSP conviction must stand. We agree that if this were a double jeopardy case, the State would be correct as to the remedy, as Melick's judgment and sentence indicates that TMV has a lower standard range (22-29 months) than first degree PSP (43-57 months). See also State v. Weber, 127 Wash.App. 879, 888, 112 P.3d 1287 (2005), petition for review granted, 156 Wash.2d 1010, 132 P.3d 147, No. 77395-5 (Wash. Jan. 31, 2006), (remedy for convictions that violate double jeopardy is to vacate the crime carrying the lesser sentence). But this case does not involve double jeopardy principles.
¶ 6 Courts may not enter multiple convictions for the same offense without offending double jeopardy. State v. Vladovic, 99 Wash.2d 413, 423, 662 P.2d 853 (1983). In determining whether multiple convictions violate double jeopardy, the court must first consider any express or implied legislative intent. State v. Freeman, 153 Wash.2d 765, 771-72, 108 P.3d 753 (2005). Here, nothing in the TMV or PSP statutes explicitly addresses separate punishments. Although legislative silence in the face of court rulings has sometimes been interpreted as implicit approval of those holdings, there is no case law on this issue to which the legislature could have reacted.
¶ 7 If legislative intent is not clear, the court must next turn to the Blockburger test. Freeman, 153 Wash.2d at 772, 108 P.3d 753. Washington has adopted the "same evidence" rule of construction, which states that the defendant's double jeopardy rights are violated if he or she is convicted of offenses that are identical in both fact and law. State v. Calle, 125 Wash.2d 769, 777, 888 P.2d 155 (1995). If there is an element in each offense which is not included in the other offense, and if proof of one offense would not necessarily also prove the other, the offenses are not constitutionally the same and the double jeopardy clause does not prevent convictions for both offenses. Vladovic, 99 Wash.2d at 423, 662 P.2d 853. Here, TMV requires that the offender have driven away a motor vehicle, which first degree PSP does not require. First degree PSP, on the other hand, requires that the property be over $1,500 in value, which TMV does not require. The offenses are not the same under this test.[2]
¶ 8 If applicable, the merger doctrine can also help determine legislative intent. Freeman, 153 Wash.2d at 772, 108 P.3d 753. But "[t]he merger doctrine is relevant only when a crime is elevated to a higher degree by proof of another crime proscribed elsewhere in the criminal code." State v. Parmelee, 108 Wash.App. 702, 710, 32 P.3d 1029 (2001). That is not the case here.
¶ 9 Because there is no express or implied legislative intent, because the Blockburger test does not show that the offenses are the same, and because merger does not apply, this case does not require a double jeopardy analysis.[3]

II. Remedy
¶ 10 While the dual convictions are not barred by double jeopardy, another doctrine nevertheless prevents both convictions from standing. Under this doctrine, "one cannot be both the principal thief and the receiver of stolen goods." State v. Hancock, 44 Wash.App. 297, 301, 721 P.2d 1006 (1986). *819 If the State charges both theft (or in this case, TMV) and possession arising out of the same act, the fact finder must be instructed that if it finds that the defendant committed the taking crime, it must stop and not reach the possession charge. Only if the fact finder does not find sufficient evidence of the taking can it go on to consider the possession charge.
¶ 11 Milanovich v. United States, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961), and its progeny illustrate the principles behind this approach. In Milanovich, one petitioner was convicted of stealing several thousands of dollars in currency from a naval base, and convicted of receiving and concealing the same property, subsections of the same statute. Milanovich, 365 U.S. at 552, 81 S.Ct. 728. The Court held that in passing the receiving aspect of the statute, "Congress was trying to reach a new group of wrongdoers, not to multiply the offense of the ... robbers themselves." Milanovich, 365 U.S. at 554, 81 S.Ct. 728 (quoting Heflin v. United States, 358 U.S. 415, 420, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959)). The Court held that the trial court should have instructed the jury that it could convict of either larceny or receiving, but not both. Milanovich, 365 U.S. at 555, 81 S.Ct. 728. The Court could not say on which count the jury would have convicted if it had been properly instructed, and so setting aside the shorter concurrent sentence would not have sufficed to cure any prejudice from the failure to properly instruct the jury. Milanovich, 365 U.S. at 555-56, 81 S.Ct. 728. The Court reversed the petitioner's convictions and remanded. Milanovich, 365 U.S. at 555-56, 81 S.Ct. 728.
¶ 12 Later cases interpreting Milanovich have modified the remedy. In United States v. Gaddis, 424 U.S. 544, 547, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976), the Court held that a person convicted of robbing a bank cannot also be convicted of receiving or possessing the proceeds of that robbery. Both crimes were subsections of 18 U.S.C. § 2113. Gaddis, 424 U.S. at 547, 96 S.Ct. 1023. The Court held that in cases in which there is evidence that the defendant "participated in a bank robbery and also evidence that that person, though not himself the robber, at least knowingly received the proceeds of the robbery," the court must instruct the jury that it must first consider the robbery charge, and that it can only consider the receiving charge if it finds insufficient proof that the defendant was the robber. Gaddis, 424 U.S. at 550, 96 S.Ct. 1023. Subsequent cases have interpreted this holding to mean that when the jury is not properly instructed and the defendant is convicted of both taking and possession, the proper remedy is to dismiss the possession charge, as this would have been the result had the jury been properly instructed.
¶ 13 A Washington case also supports this result. In Hancock, the defendant worked with an accomplice to steal cases of cheese from a local government agency. Hancock, 44 Wash.App. at 299, 721 P.2d 1006. He was convicted of first degree theft and first degree possession of stolen property. Hancock, 44 Wash.App. at 300, 721 P.2d 1006. On appeal, Hancock argued that the trial court should have dismissed the possession charge. Hancock, 44 Wash.App. at 300, 721 P.2d 1006. The court noted Washington case law holding "that one cannot be both the principal thief and the receiver of stolen goods." Hancock, 44 Wash.App. at 301, 721 P.2d 1006. The court held that the rule prohibiting such dual convictions survived the 1975 legislative changes to the larceny statute. Hancock, 44 Wash.App. at 301, 721 P.2d 1006. The court dismissed the possession count, rejecting the State's argument that there was a break in Hancock's possession justifying the two separate charges. Hancock, 44 Wash.App. at 301-02, 721 P.2d 1006. Hancock applies the statutory interpretation from Milanovich and Gaddis to the Washington statutes, and further supports the contention that if both crimes are properly charged, the fact finder must stop if it finds the taking.
¶ 14 The State distinguishes Gaddis and Hancock on the grounds that neither case had reason to consider which of the two offenses, the taking or the possession, should be vacated and why. The State points out that the possession charge in Gaddis carried a lesser sentence than the taking charge, and the two crimes carried the same sentence *820 in Hancock. Thus, the State concludes, Gaddis and Hancock are distinguishable because the vacated charge in both of those cases had the lesser sentence.
¶ 15 But the language in Gaddis and Hancock does not suggest that the outcome depends on the punishment. Instead, the language suggests that when the evidence does not support a possession separate in time or by actor from the original theft, only the theft conviction may stand. And "`this is so for the commonsensical, if not obvious, reason that a man who takes property does not at the same time give himself the property he has taken.'" Hancock, 44 Wash.App. at 301, 721 P.2d 1006 (quoting State v. Flint, 4 Wash.App. 545, 547, 483 P.2d 170 (1971) (quoting Milanovich, 365 U.S. at 558, 81 S.Ct. 728 (Frankfurter, J., dissenting))). This language does not suggest that one can charge both, obtain convictions on both, and then let stand the offense with the greater punishment. Instead, it suggests a mutual inconsistency between the two convictions when the evidence does not support a separate possession.[4]
¶ 16 In a case such as this one, in which the taking penalty is less severe than the possession penalty, the Gaddis/Hancock remedy may seem odd. However, the legislature has chosen to punish TMV less severely than it has chosen to punish first degree PSP. It did not change the punishment severity for TMV after Hancock was decided. The anomaly is legislatively created and should be remedied, if at all, by the legislature.
¶ 17 Further, such a holding does not unduly burden the State in terms of what it is allowed to charge and prove. As the Gaddis Court noted, circumstances will arise in which there is evidence that a person participated in a robbery and also evidence that that person, though not himself or herself the robber, at least knowingly received the proceeds of the robbery. Gaddis, 424 U.S. at 550, 96 S.Ct. 1023. The Court noted that this could occur if the prosecutor has clear evidence that the proceeds of the robbery were found in the person's possession, and less clear evidence that that person was a participant in the robbery. Gaddis, 424 U.S. at 550 n. 13, 96 S.Ct. 1023. Essentially, that is what occurred here: Melick was found in possession of the truck but it was less clear that he stole it. In this case, according to Gaddis, the fact finder should be instructed that if it finds the defendant guilty of the taking, it should not consider the possession charges. Gaddis, 424 U.S. at 550, 96 S.Ct. 1023. Since this was not done here, we vacate the PSP charge.

III. Melick's Additional Grounds
¶ 18 Melick raises several challenges to the evidence in the police reports used to convict him. Specifically, he contends that one of the reports was not properly signed, and that the testimony in the reports was inconsistent and was hearsay. We follow the reasoning in State v. Shattuck, 55 Wash.App. 131, 776 P.2d 1001 (1989), and find that Melick has waived all his subsequent legal challenges.
¶ 19 In Shattuck, the defendant was charged with driving while intoxicated. Shattuck, 55 Wash.App. at 132, 776 P.2d 1001. He petitioned for a deferred prosecution under chapter 10.05 RCW. Shattuck, 55 Wash.App. at 132, 776 P.2d 1001. Shattuck agreed that if his deferred prosecution were revoked, the court would determine his guilt or innocence based on the police report, the contents of which Shattuck stipulated to. Shattuck, 55 Wash.App. at 132, 776 P.2d 1001. The deferred prosecution was later revoked, and Shattuck challenged the police report at the subsequent hearing. Shattuck, 55 Wash.App. at 132-33, 776 P.2d 1001. Our court held that the language of the stipulation "was a knowing and intelligent waiver of all subsequent factual, legal, or procedural issues the petitioner might raise." Shattuck, 55 Wash.App. at 133, 776 P.2d 1001.
¶ 20 Although Shattuck involved deferred prosecution under chapter 10.05 RCW, we *821 may apply the principles of chapter 10.05 RCW to drug court prosecutions. See State v. Cassill-Skilton, 122 Wash.App. 652, 658, 94 P.3d 407 (2004) (although drug court statute contains no provisions for operating the program, court can use chapter 10.05 RCW for guidance). As in Shattuck, Melick has stipulated to the use of the police reports and the information contained therein. Melick has not claimed that his stipulation was in any way improper. Accordingly, we will not consider his additional grounds. We remand for vacation of the PSP charge and affirm on all other issues.
WE CONCUR: BECKER and COLEMAN, JJ.
NOTES
[1] The amended information added one count of possession of methamphetamine, stemming from a different incident.
[2] In fact, an earlier Washington case used this test to determine that theft and receiving proceeds from a theft were not identical in law. In State v. Hite, 3 Wash.App. 9, 12, 472 P.2d 600 (1970), the court considered whether the taking of goods and the receiving, withholding, or concealing of them were the same offense in violation of double jeopardy protections. The court found that they were not the same offense, holding that "[e]vidence of the respondent's act of actual stealing would not in itself be sufficient to sustain a conviction for receiving, concealing, or withholding stolen property since receiving, concealing or withholding are not inherent in evidence of taking." Hite, 3 Wash.App. at 13, 472 P.2d 600.
[3] Another double jeopardy consideration is "even if on an abstract level two convictions appear to be for the same offense or for charges that would merge, if there is an independent purpose or effect to each, they may be punished as separate offenses." Freeman, 153 Wash.2d at 773, 108 P.3d 753. Since the tests applied to this point have not established that the two offenses appear to be the same, this test is inapplicable here.
[4] A long period during which the thief continuously possesses the stolen property does not appear to preclude Hancock from applying. In Hancock, the thief continuously possessed the goods for 24 days after the theft, and the court still dismissed the possession charge. Hancock, 44 Wash.App. at 301-02, 721 P.2d 1006.