IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 31546-1-III |
| Respondent, | ) | (consolidated with |
| | ) | No. 32004-9-III) |
| v. | ) | |
| | ) | |
| DONALD ALLEN COWDEN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, C.J. — Donald Cowden was convicted of several property crimes committed on two days in the spring of 2012 in which his girl friend, Kristina Shelton, was also a participant. He argues on appeal that his trial lawyer provided ineffective assistance of counsel in failing to object to consolidating Mr. Cowden's trial with Ms. Shelton's and in failing to object to evidence of his uncharged participation in one of the crimes with which Ms. Shelton was charged. He also argues that his convictions of theft of a motor vehicle and possession of the same stolen vehicle violate his due process rights and that his trial lawyer was ineffective in failing to request instruction that would have avoided that result.

We agree with Mr. Cowden that his convictions of both theft and possession of the stolen motor vehicle cannot stand. We reverse his conviction of possession of a stolen vehicle and remand with instructions to dismiss that charge. We find no reversible ineffective assistance of counsel and affirm his conviction on the remaining counts.

FACTS AND PROCEDURAL BACKGROUND

In the spring of 2012, Donald Cowden was living with his girl friend, Kristina Shelton, and his cousin-in-law, Jonathan Harper, in an apartment in Milton-Freewater, Oregon. The three were not only roommates, but partners in the several crimes at issue in this appeal.

On May 14, Mr. Cowden, Ms. Shelton, and Mr. Harper stole checks from the Touchet Valley TV (TVTV) drop box in Dayton, Washington. One of the stolen checks belonged to Kayla Kirk, a TVTV customer who had made the check out to TVTV in the amount of $74. Mr. Cowden, Ms. Shelton, and Mr. Harper "washed" Ms. Kirk's check with brake fluid and a strong cleaner/degreaser, removing the original writing. The three then made the check payable to "John Harper" for $230, and Ms. Shelton attempted to cash the check at the Walla Walla Quick Cash.

A week later, the three arrived at a plan to burglarize the General Store, a convenience store in Dayton by which Ms. Shelton had formerly been employed. Mr. Harper and Mr. Cowden decided to steal a vehicle, so that Mr. Harper's Jeep would not be identifiable from surveillance videos. At around 3:00 a.m. on May 21, having stolen a

2

plumbing van, Mr. Harper and Mr. Cowden traveled to the General Store in hooded sweatshirts and masks. Mr. Harper used a sledge hammer from the plumbing van to break the glass on the front doors and gain entry. Once inside, the pair stole cash register drawers and cigarettes. They then drove toward Walla Walla where they met up with Ms. Shelton, who was driving Mr. Harper's Jeep. Mr. Harper and Mr. Cowden transferred the goods stolen from the General Store and tools from the plumbing van into the Jeep. They abandoned the van on a country road.

In June 2012, Mr. Cowden, Ms. Shelton and Mr. Harper were arrested for burglary in Franklin County. Mr. Harper's Jeep was seized by the Pasco Police Department and was found to match the car captured by video surveillance cameras in connection with a check theft and a forged check cashing in Columbia County. A sledgehammer found in the Jeep matched one that was stolen from the plumbing van and used in the May 21 General Store robbery. Mr. Harper was charged with crimes in Columbia County and entered into a plea agreement under which he identified Mr. Cowden and Ms. Shelton as his partners in the crimes.

Mr. Cowden was eventually charged with (1) burglary in the second degree for the May 21 burglary of the General Store, (2) theft of a motor vehicle for the May 21 theft of the plumbing van, (3) possession of a stolen vehicle for the possession of the stolen plumbing van, (4) theft in the second degree for the May 21 theft of the money and cigarettes from the General Store, (5) theft in the third degree for the May 14 theft of the

3

checks from the TVTV drop box, (6) malicious mischief in the third degree for the physical damage to the TVTV drop box on May 14, and (7) malicious mischief in the third degree for the physical damage to the front door of the General Store during the course of the May 21 burglary.

Six weeks before trial, the State moved for joinder and consolidation of Mr. Cowden's trial with the trial of the charges it had filed against Ms. Shelton. Ms. Shelton was charged with crimes associated with the burglary of the General Store on May 21. She was also charged with identity theft in the second degree, forgery, and theft in the third degree for a check washing and cashing incident that took place on April 22, as to which Mr. Cowden was not charged. Mr. Cowden's lawyer raised no objection to consolidation, stating, "From my view of it there's no legal basis to object." Report of Proceedings (RP) at 12. The court granted the State's motion.

The consolidated cases proceeded to a three-day jury trial. In addition to the May 14 and 21 crimes with which Mr. Cowden was charged, the jury heard evidence about the April 22 crimes with which Ms. Shelton was charged. Mr. Harper testified that sometime before April 22, Mr. Cowden and Mr. Harper stole checks from a mailbox in Milton-Freewater. Mr. Cowden and Ms. Shelton washed the checks and altered one to make it payable to "Dave Brenniman" for $400. On April 22, Mr. Cowden, Ms. Shelton and Mr. Harper went to the General Store in Dayton, where, as a result of her prior employment, Ms. Shelton was acquainted with the employees. She thought she could get them to cash

4

the check for her, and she was right. While Mr. Cowden stayed outside, Ms. Shelton told Daniel Mendoza, her former co-worker, that Mr. Harper was Mr. Brenniman, the payee of the forged check. Mr. Mendoza cashed the check for Mr. Harper. The transaction was recorded on surveillance cameras.

At the conclusion of trial, the jury found Mr. Cowden guilty as charged on all counts except the charge of malicious mischief charge for damage to the front door of the General Store. He appeals.

## ANALYSIS

Mr. Cowden assigns error to the court convicting him of both theft and possession of the plumbing van, which he argues violates due process, and to ineffective assistance of counsel. He argues that his trial lawyer failed to oppose the State's motion for joinder, failed to object to the admission of evidence that he participated in crimes with which he was not charged, and failed to request a jury instruction that jurors need not decide the possession of stolen vehicle charge if they found him guilty of theft of a motor vehicle. We address the assignments of error in turn.

### I.    *Conviction of both theft and possession of the stolen van*

Conviction of both theft and possession of stolen property arising out of the same act of theft are not barred by double jeopardy. But they are barred under a separate legal doctrine under which "one cannot be both the principal thief and the receiver of stolen

goods." *State v. Melick*, 131 Wn. App. 835, 842, 129 P.3d 816 (2006) (quoting *State v. Hancock*, 44 Wn. App. 297, 301, 721 P.2d 1006 (1986)).

In *Melick*, the defendant was charged with taking a motor vehicle without permission and possessing that same vehicle as stolen property. Division One of this court rejected the defendant's double jeopardy challenge, but relied on this division's decision in *Hancock* in concluding that both convictions could not stand. It observed that *Milanovich v. United States*, 365 U.S. 551, 81 S. Ct. 728, 5 L. Ed. 2d 773 (1961) and later federal cases support the doctrine that a defendant cannot be convicted of theft and possession arising out of the same act. *Melick* also relied on *Hancock* and *United States v. Gaddis*, 424 U.S. 544, 547, 96 S. Ct. 1023, 47 L. Ed. 2d 222 (1976), as authority for how the jury in such a case should be instructed:

> If the State charges both theft (or in this case, TMV) and possession arising out of the same act, the fact finder must be instructed that if it finds that the defendant committed the taking crime, it must stop and not reach the possession charge. Only if the fact finder does not find sufficient evidence of the taking can it go on to consider the possession charge.

*Melick*, 131 Wn. App. at 841.

The State characterizes Mr. Cowden's challenge to his conviction of both crimes as "specious." Br. of Resp't at 6. It argues that here, Mr. Cowden engaged in "separate appropriation[s]" by driving to different places, for different purposes, and picking up passengers. *Id.* at 7. But the authority it cites is *Melick*, which states that for convictions of both theft and possession to stand, there must be "a possession separate in time or by

6

actor from the original theft." *Melick*, 131 Wn. App. at 843. Mr. Cowden's theft and possession are not separate by actor; the State's evidence established that Mr. Cowden was the thief as well as the possessor. And when it comes to the amount of time involved, *Melick* observes that the possession charge in *Hancock* was dismissed despite the fact that the defendant constructively possessed stolen goods for a full 24 days. *Id*. at 843, n. 4. Moreover, the stolen goods at issue in *Hancock* were in the actual possession of a third party during that several week period. *Hancock*, 44 Wn. App. at 301-02.

The State's bald assertion to the contrary, *Hancock* and *Melick* apply here. Mr. Cowden, as the principal thief of the van, cannot be convicted for its possession. The remedy is to reverse Mr. Cowden's conviction on the possession charge and remand with instructions to dismiss.

## II.    *Ineffective assistance of counsel*

Given our decision to reverse Mr. Cowden's conviction of possession of a stolen vehicle, we need not address his argument that his trial lawyer provided ineffective assistance by failing to request proper instruction on the manner in which the jury should decide the related theft and possession charges.

Mr. Cowden's remaining allegations of ineffective assistance are to his lawyer's failure to oppose joinder and consolidation of his and Ms. Shelton's trials, and failure to object under ER 404(b) to evidence that Mr. Cowden participated in uncharged criminal conduct.

"A claim of ineffective assistance of counsel presents a mixed question of fact and law reviewed de novo." *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). It requires the defendant to show "that defense counsel's conduct was deficient, i.e., that it fell below an objective standard of reasonableness," and "that the deficient performance resulted in prejudice, i.e., that there is a reasonable possibility that, but for the deficient conduct, the outcome of the proceeding would have differed." *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).

Under the first prong, there is a strong presumption that the defendant was properly represented. *State v. Lord*, 117 Wn.2d 829, 883, 822 P.2d 177 (1991). Where it can be shown that the matters go to trial strategy or tactics, there is no deficient performance. *State v. Garrett*, 124 Wn.2d 504, 520, 881 P.2d 185 (1994).

It is the defendant's burden to prove both deficient performance and prejudice to prevail on ineffective assistance of counsel. *Strickland*, 466 U.S. at 687. "A failure to demonstrate either deficient performance or prejudice defeats an ineffective assistance claim." *See State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995); *see also Strickland*, 466 U.S. at 700.

*A. Failure to oppose the State's motion for joinder*

In moving under CrR 4.3 and 4.3.1 for joinder of defendants and to consolidate trial of the charges against Mr. Cowden and Ms. Shelton, the State represented that

8

"[n]early the same evidence will be submitted and the same witnesses will testify in regards to all charges in the matters" and "[j]udicial economy requires joinder." Clerk's Papers (CP) at 10. It argued:

> It is proper to allow joinder of defendants involving different offenses when the acts are so closely related in respect to time, place and occasion that it would be difficult to separate proof of one from the other. The close connection justifies a joint trial even absent proof of a common scheme.

CP at 10 (quoting 12 ROYCE A. FERGUSON, JR., WASHINGTON PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 1705 (3d ed. 2004)). In granting the motion, the court found, "In the interest of judicial economy, with the same nucleus of facts, the case should be consolidated." CP at 44. Whether to join defendants and consolidate trial is a matter within the sound discretion of the trial court and will not be disturbed unless there is a manifest abuse of discretion. *State v. Kinsey*, 20 Wn. App. 299, 304, 579 P.2d 1347 (1978).

Where error in joining defendants is raised through an argument that counsel was ineffective in failing to oppose it, then "[t]o demonstrate prejudice . . . the defendant must show that the trial court likely would have granted a severance motion . . . and that if he were tried separately there was a reasonable probability he would have been acquitted." *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 711, 101 P.3d 1 (2004).

Mr. Cowden argues that the result of the joinder was that evidence relevant to the April 22 crimes with which Ms. Shelton was charged implicated him. He argues

9

conclusorily that it resulted in "serious prejudice to [the] defense." Br. of Appellant at 16. But Mr. Mendoza, the General Store employee who cashed the forged check on April 22, testified that he knew Mr. Cowden but didn't see him at the General Store on that day. The victim of the washed check that was cashed on April 22 testified to having no knowledge of Mr. Cowden. Only Mr. Harper implicated Mr. Cowden in the theft and washing of the check cashed on April 22. And Mr. Harper was the State witness who testified that Mr. Cowden committed all of the crimes charged by the State.

It defies reason to suggest that the jury would have disbelieved Mr. Harper and acquitted Mr. Cowden if Mr. Harper had testified only to the many crimes committed by Mr. Cowden on May 14 and May 21. Mr. Cowden fails to meet his burden of demonstrating a reasonable probability that it was Mr. Harper's testimony about Mr. Cowden's involvement with the April 22 check cashing that was the difference between conviction and acquittal.

### B. Failure to object to evidence of uncharged criminal activity

Mr. Cowden argues that his trial lawyer should at least have objected to the State's evidence of his uncharged involvement with the forged check cashed on April 22. In demonstrating prejudice by counsel's failure to object, the defendant must show "but for counsel's failure to object, the outcome would have been different." *State v. Hendrickson*, 129 Wn.2d 61, 79, 917 P.2d 563 (1996). To determine whether the outcome would have been different, the defendant must prove that (1) the trial court would have sustained an

objection and (2) the admission of the objectionable evidence prejudiced the defendant's right to a fair trial. *Id.* at 79-80.

Mr. Cowden argues that an objection to evidence of his involvement with the April 22 crime would have been sustained under ER 404(b) because evidence of his involvement with that check theft and forgery was not relevant and was highly prejudicial. The State responds, however, that the evidence of Mr. Cowden's involvement in stealing other checks and washing them for the purpose of forging and cashing them was relevant both to complete the story of Ms. Shelton's April 22 crime and as evidence of a common scheme or plan by Mr. Cowden and his confederates. *See State v. Lane*, 125 Wn.2d 825, 831, 889 P.2d 929 (1995) ("[E]vidence of other crimes is admissible '[t]o complete the story of the crime on trial by proving its immediate context of happenings near in time and place.'"); ER 404(b) (evidence of other wrongs or acts "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.")

The trial court had already been persuaded in granting joinder that the crimes with which Mr. Cowden and Ms. Shelton were charged involved the same nucleus of facts. Given two bases on which the evidence might have been admitted under ER 404(b), Mr. Cowden fails to demonstrate that the court would have sustained an objection. And we have already addressed the unlikelihood that the limited evidence tying Mr. Cowden to uncharged criminal involvement with the check cashed on April 22 was the difference

11

between conviction and acquittal. Mr. Cowden fails to demonstrate ineffective assistance of counsel.

We reverse Mr. Cowden's conviction of possession of stolen property and remand with directions to dismiss that charge. We otherwise affirm.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, C.J.

WE CONCUR:

_____
Brown, J.

_____
Fearing, J.

12