# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 74637-5-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| DMITRY V. NAGORNYUK, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: March 6, 2017 |
| | ) | |

Cox, J. – Dmitry Nagornyuk appeals his judgment and sentence for possession of a stolen vehicle. The evidence was sufficient to convict him of this felony. We do not reach his challenge to the trial court not giving an instruction he failed to request below. We affirm.

On June 10, 2015, Jose Sandoval reported his red 1995 Honda stolen. While on a routine patrol, Sergeant William Santos saw two people in an early 1990s maroon Honda. The occupants of the vehicle were a male driver and a female passenger. Sergeant Santos suspected the vehicle was stolen and followed it into a casino parking lot to run its license plate. He lost sight of the vehicle but soon observed a woman standing near a similar looking vehicle parked in the parking lot. The vehicle was running. He also saw Nagornyuk going through items in the trunk.

The woman standing near the vehicle walked away towards the casino. Nagornyuk retrieved a pair of shoes from the trunk, shut the trunk's lid, and

walked towards the casino. Sergeant Santos received an alert that the vehicle had been stolen and detained Nagornyuk. Nagornyuk explained he did not know the vehicle had been stolen. He explained that he met people at a gas station and asked for a ride. He also claimed that he sat in the back seat and that the driver told him to stay by the vehicle while it was running.

Sergeant Santos removed the key from the ignition and noticed that it had been filed down. In a search of Nagornyuk incident to his arrest, Sergeant Santos found a metal file in Nagornyuk's pant pocket.

The State charged Nagornyuk with one count of taking a motor vehicle without permission in the second degree and one count of possession of a stolen vehicle. A jury found him guilty as charged.

Based on agreement of all counsel at the sentencing hearing, the trial court decided that it could only sentence Nagornyuk on count two, possession of a stolen vehicle. The stated reason for this was that the two counts involved the "same course of conduct" and thus "merged." The court then signed the judgment and sentence that is at the heart of this appeal.

Nagornyuk appeals.

## SUFFICIENCY OF EVIDENCE

Nagornyuk argues that insufficient evidence supports the possession conviction. We disagree.

Due process requires the State to prove every element of a crime beyond a reasonable doubt.[1] An insufficient evidence claim "admits the truth of the

---

[1] State v. Rodriquez, 187 Wn. App. 922, 930, 352 P.3d 200 (2015).

State's evidence and all reasonable inferences from that evidence."[2] The critical inquiry is "'whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt.'"[3] "[W]e view the 'evidence in the light most favorable to the prosecution and determine whether any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt.'"[4]

"Circumstantial evidence and direct evidence can be equally reliable."[5] We defer to the jury on questions regarding conflicting evidence, witness credibility, and the persuasiveness of evidence.[6]

*Possession*

Nagornyuk argues that the evidence fails to establish he possessed the stolen vehicle. He is wrong.

Under RCW 9A.56.068(1), a person is guilty of possession of a stolen vehicle if he possesses a stolen motor vehicle. Possession may be actual or constructive.[7] At issue here is whether there is sufficient evidence of constructive possession of the vehicle. This "means that the goods are not in actual, physical possession, but that the person charged with possession has dominion and

---

[2] Id.

[3] Id. (quoting Jackson v. Virginia, 443 U.S. 307, 318, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)).

[4] State v. Garcia, 179 Wn.2d 828, 836, 318 P.3d 266 (2014) (quoting State v. Engel, 166 Wn.2d 572, 576, 210 P.3d 1007 (2009)).

[5] Rodriquez, 187 Wn. App. at 930.

[6] Id.

[7] State v. Callahan, 77 Wn.2d 27, 29, 459 P.2d 400 (1969).

control over the goods."[8] To establish this type of possession, the State "'must prove more than a passing control; it must prove actual control.' The length of time in itself does not determine whether control is actual or passing; whether one has actual control over the item at issue depends on the totality of the circumstances presented."[9] Additionally, the State "need not show exclusive control, but it must show more than mere proximity."[10]

Here, the State presented sufficient evidence to support the jury verdict of guilt beyond a reasonable doubt for the possession charge. It is undisputed that the Honda was stolen. Sergeant Santos testified that he saw two people in the Honda. The driver appeared to be a male and the passenger appeared to be a female. He later saw Nagornyuk going through items in the trunk of the car while it was parked in a casino parking lot and still running. Sergeant Santos also observed a woman standing near the vehicle but she later walked away towards the casino. He then saw Nagornyuk retrieve a pair of shoes from the trunk, shut the trunk's lid, and walk towards the casino.

Sergeant Santos detained Nagornyuk and explained that the vehicle had been reported stolen. Nagornyuk claimed he was a passenger and that the alleged driver of the car asked him to stay by the car.

---

[8] Id.; see also State v. Davis, 182 Wn.2d 222, 227, 340 P.3d 820 (2014) (lead opinion of Fairhurst, J.), 234 (dissenting opinion of Stephens, J.).

[9] Davis, 182 Wn.2d at 227 (lead opinion of Fairhurst, J.) (quoting State v. Staley, 123 Wn.2d 794, 801-02, 872 P.2d 502 (1994)).

[10] State v. Bowen, 157 Wn. App. 821, 828, 239 P.3d 1114 (2010).

The record shows that Nagornyuk exercised dominion and control over the vehicle. Nagornyuk was first seen driving the vehicle with a female passenger. When they reached the casino, he was then seen searching the trunk's contents, removing shoes from the trunk, and closing the trunk.

He claimed when Sergeant Santos approached him that someone else was driving the vehicle and told him to stay by the vehicle while it was running. Even if the jury accepted this explanation as true, it demonstrates Nagornyuk was left in charge of the vehicle. Of course, the jury was also entitled to disbelieve that the female was driving on the basis that Sergeant Santos testified that he first saw a male, not a female, driving the vehicle. In sum, viewing the evidence in the light most favorable to the State, these facts provide sufficient evidence for the jury to find beyond a reasonable doubt that Nagornyuk had dominion and control over the stolen Honda.

### Knowledge

Nagornyuk argues that the evidence fails to establish he knew the vehicle was stolen. We disagree.

Under RCW 9A.56.140(1), "'[p]ossessing stolen property' means knowingly to receive, retain, possess, conceal, or dispose of stolen property **knowing that it has been stolen** and to withhold or appropriate the same to the use of any person other than the true owner or person entitled thereto."[11]

Here, Sergeant Santos removed the key from the ignition and noticed that it had been filed down. He testified that Honda keys could be filed down to

---

[11] (Emphasis added.)

"create[] a master blank or a master key which works on just about every Honda vehicle in that same age bracket."[12] In a search of Nagornyuk, incident to his arrest, Sergeant Santos found a metal file in Nagornyuk's pant pocket.

On direct examination, counsel asked Nagornyuk to explain the metal file found in his pocket. Nagornyuk responded: "I had a small knife for sharpening a blade, because at that time I had no place . . . to live, and using this knife I opened the containers—canned food."[13] He also testified he did not know the vehicle had been stolen.

Additionally, the vehicle's stereo was missing. Nagornyuk claimed that he and the other passengers did not talk very much because they played music. He also alleged that they played music from a telephone, and that he "did not look in the front" to see that the stereo was missing.

Nagornyuk asserted an innocent explanation for the metal file, claiming he did not notice the missing stereo, and that he did not know the vehicle had been stolen. The jury was free to reject this evidence as not credible. It apparently did so. Because we view the evidence in the light most favorable to the State, and defer to the jury on questions regarding witness credibility, we conclude that the above facts provided the jury with sufficient evidence to find that Nagornyuk knew the Honda had been stolen.

---

[12] Report of Proceedings Vol. 1 (January 19, 2016) at 163.

[13] Report of Proceedings Vol. 2 (January 20, 2016) at 193.

Nagornyuk argues "nothing more than speculation" remained regarding what he knew. Speculation is "[t]he act or practice of theorizing about matters over which there is no certain knowledge."[14]

Based on these facts, the jury could reasonably infer that Nagornyuk knew the Honda had been stolen. Thus, without speculation, the jury could find him guilty beyond a reasonable doubt of possessing a stolen vehicle.

In addition to the guilty verdict for possession of a stolen vehicle, the jury also found Nagornyuk guilty of count one, taking a motor vehicle without permission in the second degree. We need not discuss whether there was sufficient evidence to support this count because the trial court sentenced him solely on count two, possession of a stolen vehicle.

## DUAL CONVICTIONS

Nagornyuk argues that he could only have been convicted of second degree taking a motor vehicle, not the possession charge. He further argues that inquiry on the possession charge was precluded. Because this raises an argument for the first time on appeal, we decline to address it.

He relies on the quotation in State v. Melick[15] that states:

> If the State charges both theft (or, in this case, TMV) and possession arising out of the same act, *the fact finder must be instructed that if it finds that the defendant committed the taking crime, it must stop and not reach the possession charge.* Only if the fact finder does not find sufficient evidence of the taking can it go on to consider the possession charge.[16]

---

[14] BLACK'S LAW DICTIONARY 1617 (10th ed. 2014).

[15] 131 Wn. App. 835, 129 P.3d 816 (2006).

[16] Id. at 841 (emphasis added).

7

This argument is basically a challenge to the absence of a jury instruction that he did not request the trial court to give. Because he did not propose such an instruction, he has failed to preserve the claim for review.[17]

There, the State charged Matthew Melick with one count of taking a motor vehicle without permission (TMV) in the second degree and one count of first degree possession of stolen property (PSP).[18] Melick allegedly drove away in another person's vehicle, and police stopped him while he was driving the vehicle.[19] After a bench trial, the trial court imposed standard-range sentences for the TMV charge and the PSP charge.[20] Melick appealed.

The State conceded that Melick should not have been convicted for both offenses but argued "that double jeopardy/merger case law require[d] that the lesser offense be vacated."[21] This court concluded that double jeopardy principles did not apply because TMV and PSP were not identical offenses in law or in fact.[22] Each offense required an element that the other did not.[23]

---

[17] See Gorman v. Pierce County, 176 Wn. App. 63, 86, 307 P.3d 795 (2013).

[18] Melick, 131 Wn. App. at 838.

[19] Id.

[20] Id.

[21] Id. at 839.

[22] Id. at 839-40.

[23] Id. at 840.

But this court determined that the two convictions could not stand because:

> "one cannot be both the principal thief and the receiver of stolen goods." If the State charges both theft (or, in this case, TMV) and possession arising out of the same act, the fact finder must be instructed that if it finds that the defendant committed the taking crime, it must stop and not reach the possession charge. Only if the fact finder does not find sufficient evidence of the taking can it go on to consider the possession charge.[24]

We then remanded the case for the trial court to vacate the PSP conviction because the fact finder was not instructed that it should not consider the PSP charge if it found Melick guilty of taking a motor vehicle without permission.[25]

Here, there is no evidence in the record showing Nagornyuk was the principle thief of the Honda because there was no evidence that he initially took it. According to the State's theory at trial, Nagornyuk committed the taking crime because he drove, or voluntarily rode in, the vehicle with knowledge that it was unlawfully taken. Under RCW 9A.56.075(1):

> A person is guilty of taking a motor vehicle without permission in the second degree if he or she, without the permission of the owner or person entitled to possession, intentionally takes or drives away any automobile or motor vehicle . . . that is the property of another, or he or she voluntarily rides in or upon the automobile or motor vehicle with knowledge of the fact that the automobile or motor vehicle was unlawfully taken.

---

[24] Id. at 840-41 (internal citation omitted) (quoting State v. Hancock, 44 Wn. App. 297, 301, 721 P.2d 1006 (1986)).

[25] Id. at 844.

Because there is no evidence in the record showing Nagornyuk was the principle thief of the Honda, Melick does not control. Further, Nagornyuk makes this argument for the first time on appeal, and we need not consider it further.[26]

## CORRECTION OF JUDGMENT

The State requests that this matter be remanded to "correct[] the judgment and sentence to remove any reference to [count 1, taking a motor vehicle without permission in the second degree]." We express no opinion whether double jeopardy principles require this.[27] Nevertheless, we grant this request. The trial court should strike all references in the judgment and sentence to the conviction for count one.

## COSTS

Nagornyuk argues that this court should decline to award the State appellate costs should the State prevail on appeal. We decline to award appellate costs to the State.

RCW 10.73.160(1) gives us discretion to decline to impose appellate costs on appeal.[28] Under State v. Sinclair, there is a presumption that indigency continues unless the record shows otherwise.[29]

---

[26] See RAP 2.5(a).

[27] Melick, 131 Wn. App. at 839-40.

[28] State v. Nolan, 141 Wn.2d 620, 629, 8 P.3d 300 (2000).

[29] 192 Wn. App. 380, 393, 367 P.3d 612, review denied, 185 Wn.2d 1034 (2016).

Here, after the trial court entered the judgment and sentence, the trial court executed an order authorizing Nagornyuk to seek appellate review at public expense and appointment of an attorney. Nagornyuk's declaration demonstrated his indigence.

Nothing in this record overcomes the presumption of Nagornyuk's indigence. Thus, an award to the State for appellate costs is inappropriate under these circumstances.

We affirm the conviction for possession of a stolen vehicle. We also remand for correction of the judgment and sentence by removing any reference to the conviction for count one. We deny appellate costs to the State.

Cox, J.

WE CONCUR:

11