IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34375-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| SHAWN ALAN STAHLMAN, | ) | |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Shawn Stahlman appeals from a series of convictions arising from an attempted burglary and ensuing flight. We largely affirm the result of the bench trial, but remand to strike one count.

## FACTS

Mr. Stahlman and his codefendant, Amy Jo Murphy, were jointly charged with attempted second degree burglary, second degree theft, second degree possession of stolen property, and two counts of second degree assault.[1] Ms. Murphy's case was tried to a jury, while Mr. Stahlman's charges were resolved by the bench in the same proceeding.

---

[1] Ms. Murphy was also charged with, and later convicted of, possession of a stolen motor vehicle.

The victim, Gary Oliver, lived in a rural area in Yakima County. He was awakened around 2:00 a.m. on the morning of September 23, 2015, and saw a person, later identified as Mr. Stahlman, near the door of his detached shop building. By aid of a motion sensor light, Oliver could see Stahlman within three feet of the building reaching for the door. Oliver yelled at Stahlman to get off the property. Stahlman fled to a white minivan driven by Ms. Murphy. Previously, Stahlman had already loaded a wheel and tire found on Oliver's property into the minivan.

The minivan departed the property and Oliver got in his truck and pursued it. On Roza Hill Drive, Oliver pulled alongside the minivan; the speed of vehicles was estimated to be 80 or 90 m.p.h. at the time. Oliver could see Mr. Stahlman flinging his arms around and screaming at Ms. Murphy. She then veered the van into the truck "with substantial force." Clerk's Papers (CP) at 26. The court found that Murphy acted at Stahlman's command. This action was the basis for one of the second degree assault charges.

The pursuit continued into town. When the minivan stopped at a stop sign, the truck stopped right behind it; Mr. Oliver got out of his truck. Mr. Stahlman got out of the minivan holding a sledgehammer and ran at Oliver. He began to swing the sledgehammer and Oliver got back in his truck. Stahlman struck the fender of the truck, resulting in a dent. The sledgehammer attack was the basis for the other charge of second degree assault.

2

The trial court, the Honorable David Elofson, heard argument on Stahlman's case after the argument to the jury in Murphy's case. Judge Elofson determined that neither Stahlman nor Murphy were credible, but that Oliver was credible. The court found Mr. Stahlman guilty of the attempted burglary of the shop building, and guilty of lesser included offenses of third degree theft and third degree possession of stolen property due to the State's failure to establish that the wheel and tire were valued in excess of $750. The court also found Mr. Stahlman guilty of both counts of second degree assault and specifically ruled that he was not acting in self-defense. The court also determined that the sledgehammer constituted a deadly weapon for weapons enhancement purposes. The jury later returned similar verdicts against Ms. Murphy, but acquitted her on the charge of second degree assault involving the minivan.

The court imposed standard range terms on the three felony charges, and imposed 364 day sentences on the two gross misdemeanor counts. All five sentences were to be served concurrently. Mr. Stahlman timely appealed to this court. A panel considered the case without argument.

## ANALYSIS

In this appeal, Mr. Stahlman challenges the sufficiency of the evidence to support the bench verdicts on the burglary and assault counts. He also contends that he could not be convicted of both theft and possession of stolen property for the wheel and tire. We

3

No. 34375-8-III
*State v. Stahlman*

address his sufficiency of the evidence challenges before turning to the theft and possession of stolen property counts.[2]

*Sufficiency of the Evidence*

There are evidentiary sufficiency arguments specific to each of the challenged counts and we, thus, will consider them by each claim. Nonetheless, the sufficiency of the evidence standards of review are the same for each crime, so we first address them.

Appellate courts review sufficiency of the evidence challenges to see if there was evidence from which the trier of fact could find each element of the offense proved beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 221-222, 616 P.2d 628 (1980) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). The reviewing court will consider the evidence in a light most favorable to the prosecution. *Id.* It also must defer to the finder of fact in resolving conflicting evidence and credibility determinations. *Camarillo*, 115 Wn.2d at 71. When evidence of self-

---

[2] Mr. Stahlman also filed a lengthy Statement of Additional Grounds (SAG) that reargues the case and urges this court to reweigh the evidence against him. This approach fails for two reasons. First, a SAG should only address issues that have not adequately been argued by counsel. RAP 10.10(a). The sufficiency of the evidence arguments are well presented, and we will not revisit them by analyzing the SAG. Secondly, issues of witness credibility are to be determined by the trier of fact and cannot be reconsidered by an appellate court. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990). The trial court having expressly found Mr. Oliver credible and Mr. Stahlman not credible, this court is not allowed to disagree.

4

defense is presented, the State bears the burden of disproving self-defense beyond a reasonable doubt. *State v. L.B.*, 132 Wn. App. 948, 952, 135 P.3d 508 (2006).

*Attempted Burglary*

Mr. Stahlman argues that the evidence that he intended to enter the shop building is insufficient because he never touched the door. We disagree.

A person commits the crime of burglary when he enters a building with the intent to commit a crime therein. RCW 9A.52.030(1). A person "attempts" an offense when, with the intent to commit a specific crime, he takes a substantial step toward committing the crime. RCW 9A.28.020(1).

Here, the defendant had already taken the wheel and tire to the minivan and then returned to the property. The motion sensor detected him within three feet of the building as he was reaching for the door of the shop building, lighting up the area and permitting Mr. Oliver to observe Mr. Stahlman in action. Given these facts, the trial judge had an evidentiary basis for finding each element of the offense of attempted burglary. After admittedly stealing some of Oliver's property, Stahlman returned to the area even though he had no reason to be there. He was observed reaching for the door. He then fled when his presence was detected. That his intent was to commit more theft is a fact supported by the earlier taking of the wheel and tire.

A rational trier of fact could determine that Mr. Stahlman took a substantial step toward committing the crime of second degree burglary by reaching for the door of the

5

outbuilding with the intent of entering it and stealing property. These were rational deductions from the observed facts. The evidence, therefore, supported the bench verdict.

### *Second Degree Assault*

Mr. Stahlman challenges the two assault convictions, arguing that in both instances he was acting in self-defense. He also argues that he could not be convicted of the "minivan assault" count because Ms. Murphy was acquitted of that charge. We address both of those rationales in the order stated.

Although the State bore the burden of disproving self-defense, the trial court found that it had done so. CP at 27; Report of Proceedings (RP) at 655-658. That factual assessment cannot be reweighed here.

With respect to the assault with the vehicle, the trial judge expressly noted that there likely was no factual basis for a self-defense claim since both Mr. Stahlman and Ms. Murphy denied that their vehicle ever swerved at Mr. Oliver's. Instead, they claimed that Oliver swerved at them. As the trial judge wryly (and accurately) summed the point up: "It's difficult to assert a claim of self-defense when you said it didn't happen." RP at 656. The trial judge also noted that even if the defendant had attempted to act in self-defense, ramming the other car at high speed "was not a reasonable response to the circumstances." *Id.* The fact that the victim was pursuing the people who had attempted

6

to burglarize his property did not justify use of force against him. Oliver had taken no other action that would have justified Stahlman in attacking him. CP at 27.

Similar reasoning underscored the rejection of self-defense involving the sledgehammer. The court again rejected Mr. Stahlman's version of events in favor of Mr. Oliver's testimony. No action of Oliver's justified Stahlman getting out of the car with a sledgehammer and advancing on the truck behind them. There was no danger from a stopped truck and there had been no earlier manifestation that Oliver was seeking to use force against Murphy and Stahlman. Once again, there was neither actual use of force used to *defend* Murphy and Stahlman, nor was use of a sledgehammer reasonable under the circumstances.

The trial court found the claim of self-defense lacking on both the facts and the law. The testimony of Mr. Oliver also clearly established the other elements of second degree assault in each instance. That crime is committed whenever a person assaults another with a deadly weapon. RCW 9A.36.021(1)(c). An assault is, among other definitions, an attempt to commit battery or unlawfully placing another in apprehension of harm. *State v. Music*, 40 Wn. App. 423, 432, 698 P.2d 1087 (1985). A "deadly weapon" is an instrument which, under the circumstances of its threatened use, is capable of causing death or substantial bodily harm. RCW 9A.04.110(6). "Substantial bodily harm" includes the "substantial loss or impairment" of the function of any body part or organ. RCW 9A.04.110(4)(b).

7

In each instance, Oliver was assaulted with a deadly weapon—an automobile traveling at a speed of 80 m.p.h. or greater and a sledgehammer. In each instance, Oliver was placed in fear of substantial bodily harm. In each instance, that fear was reasonable. A high speed automobile collision is exceptionally likely to cause substantial bodily injury. Similarly, being struck by a hammer whose purpose is to break apart heavy objects could easily result in substantial injury to a human body.

The evidence supported each count of assault. The evidence also showed that self-defense was not present in either incident. Accordingly, the evidence supported the verdicts on the two assault counts.

Mr. Stahlman also argues that he could not be convicted of the assault with the minivan because the jury acquitted Ms. Murphy of the offense. That argument fails under both the terms of our accomplice liability statute and as a matter of logic.

The statute is quite clear. An accomplice may be convicted even if the principal actor is found not guilty. RCW 9A.08.020(6). *See generally State v. Mullin-Coston*, 152 Wn.2d 107, 120, 95 P.3d 321 (2004). The argument also fails as a matter of basic logic. The acquittal established no fact other than the fact that Ms. Murphy was not guilty of assault with the minivan. It did not establish that she did not assault Oliver. This is the fallacy of inferring a positive fact from a negative finding. The fact that the prosecutor failed to prove beyond a reasonable doubt that Murphy assaulted Oliver neither establishes that she did not do so nor that Oliver was not assaulted. As has long been

8

noted, "the converse of stated propositions does not in logic or law always follow." *County Court v. Armstrong*, 34 W. Va. 326, 12 S.E. 488, 490 (1890).[3] There were many possible reasons for the acquittal of Murphy. The jury may have believed there was no assault, or it may have believed that Stahlman committed the assault, or the jury may have simply thought that the incident occurred as Oliver described, but that some other element of the offense was not proved beyond a reasonable doubt, or the jury might also have believed that Murphy was guilty, but that it was not appropriate to convict her of a crime for her actions. There are too many potential reasons for anyone to conclude anything about what the acquittal meant.

The acquittal of Murphy was irrelevant to the question of whether sufficient evidence supported Stahlman's conviction.

*Convictions for Both Theft and Possession of Stolen Property*

Lastly, Mr. Stahlman contends that he could not be convicted of both stealing the wheel and tire as well as for unlawfully possessing it. We agree.

Convictions for both theft and possession of stolen property arising out of the same act of theft are barred under a legal doctrine under which "'one cannot be both the principal thief and the receiver of stolen goods. '" *State v. Melick*, 131 Wn. App. 835,

---

[3] Or as more recently stated: "But it is a fallacy of logic to conclude that the company's failure to prove that Nigerian courts were available *ipso facto* establishes the converse: that such courts were unavailable." *Johnson v. PPI Tech. Servs., LP*, 613 F. App'x 309, 312 (5th Cir. 2015).

842, 129 P.3d 816 (2006) (quoting *State v. Hancock*, 44 Wn. App. 297, 301, 721 P.2d 1006 (1986)).

In *Hancock*, the defendant was charged with theft of cheese from a food bank. *Hancock*, 44 Wn. App. at 301-302. This court held that he could not also be charged with possession of that cheese because the cheese was in his constructive possession at all times before it was recovered. *Id.*

In *Melick*, the defendant was charged with taking a motor vehicle without permission and possessing that same vehicle as stolen property. 131 Wn. App. at 838. Division One followed *Hancock* and concluded that both convictions could not stand. *Id.* at 842. If the State charges both theft and possession arising out of the same act, the fact finder must be instructed (or recognize) that if it finds that the defendant committed the theft, it must stop and not reach the possession charge. *Id.* at 841. Only if the fact finder does not find sufficient evidence of the theft can it go on to consider the possession charge. *Id.*

Here, Mr. Stahlman's theft and possession are not separate; the evidence established that Mr. Stahlman was the thief as well as the possessor. *Hancock* and *Melick* apply. Mr. Stahlman, as thief of the tire and wheel, cannot also be convicted for their possession. *See Hancock*, 44 Wn. App. at 301-302. The remedy is to reverse Mr. Stahlman's conviction on the possession. Since the crime is a gross misdemeanor offense, it did not impact the offender score calculation or the sentencing on the other

10

No. 34375-8-III
*State v. Stahlman*

counts. Accordingly, we direct that count III (third degree possession of stolen property)

be stricken.

Affirmed in part, reversed in part, and remanded.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Pennell, J.

11